PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC and UNILOC USA, INC., <br><br>            Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br>            Defendant. | Civil Action No. 2:18-cv-00493-JRG-RSP <br><br> **PUBLIC REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE TO THE <br> <u>NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404</u>**

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

## TABLE OF CONTENTS

**Page**

BACKGROUND ...................................................................................................... 1

    I.    THE VAST MAJORITY OF GOOGLE'S WITNESSES AND
        EVIDENCE ARE LOCATED IN THE NORTHERN DISTRICT ...................... 1

    II.   UNILOC HAS BEEN AND CONTINUES TO BE RUN FROM
        CALIFORNIA ................................................................................................. 2

    III.  THE MAJORITY OF THIRD PARTY WITNESSES RESIDE IN OR
        NEAR THE NORTHERN DISTRICT ................................................................ 4

LEGAL STANDARD .............................................................................................. 6

ARGUMENT ........................................................................................................... 7

    I.    THIS ACTION COULD HAVE BEEN FILED IN THE NORTHERN
        DISTRICT ....................................................................................................... 7

    II.   THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER ........ 7

        A.    The Cost of Attendance For Willing Witnesses Is Substantially
            Less In The Northern District ............................................................... 7

        B.    The Availability of Compulsory Process To Secure The
            Attendance Of Witnesses Heavily Favors Transfer ............................. 10

        C.    Easier Access To Sources Of Proof Heavily Favors The Northern
            District ................................................................................................. 11

        D.    There Are No Practical Problems With Transferring This Case ............. 13

    III.  THE PUBLIC INTEREST FACTORS FAVOR TRANSFER ........................... 14

        A.    The Northern District Has A Strong Interest In This Case ..................... 14

        B.    The Administrative Difficulties From Court Congestion Favors
            Transfer ............................................................................................... 15

        C.    The Remaining Public Interest Factors Are Neutral ............................... 15

    IV.  CONCLUSION ............................................................................................... 15

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

## TABLE OF AUTHORITIES

Page

C<small>ASES</small>

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013) ..................................................................10

*Chrimar Sys., Inc. v. Juniper Networks, Inc.*,
   No. 6:15-cv-618, Dkt. 231 (E.D. Tex. Jan. 11, 2016) ...........................................15

*GeoTag, Inc. v. Aromatique, Inc.*,
   No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) ............................13

*In re Biosearch Techs., Inc.*,
   452 F. App'x 986 (Fed. Cir. 2011) .......................................................................11

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009) .............................................................6, 7, 10, 15

*In re Google, Inc.*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ............................13, 15

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) .............................................................................14

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ...................................................................6, 7, 15

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) .......................................................................6, 7, 8

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) .......................................................................7, 8, 15

*In re Verizon Bus. Network Servs. Inc.*,
   635 F.3d 559 (Fed. Cir. 2011) ............................................................................8, 12

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) (per curiam) ..........................................................8, 10

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ........................................................6, 7, 9, 15

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. June 24, 2010) ...............................................................9

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

## TABLE OF AUTHORITIES
(continued)

Page

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
No. 3:13-cv-1901-M, 2013 WL 6181983 (N.D. Tex. Nov. 26, 2013) ....................................13

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
No. 6:09-cv-390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010)...........................................11

*Oyster Optics, LLC v. Coriant Am. Inc.*,
Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202 (E.D. Tex. Sept. 22,
2017) ...........................................................................................................................................13

*Realtime Data LLC v. Teradata Operations, Inc.*,
Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL, 2016 WL 235183 (E.D. Tex.
Jan. 20, 2016)...............................................................................................................................8

*Uniloc 2017 LLC v. Box, Inc.*,
No. 3:18-cv-3432 ......................................................................................................................3, 9

*Uniloc 2017 LLC v. Box, Inc.*,
No. 3:18-cv-7038 (N.D. Cal. filed Nov. 20, 2018)....................................................................9

*Uniloc 2017 LLC v. HTC Am., Inc.*
No. 2:18-cv-01732 (W.D. Wash.)............................................................................................14

*Uniloc 2017 LLC v. Huawei Device USA, Inc. et al.*,
No. 2:18-cv-00509 (E.D. Tex.).................................................................................................14

*Uniloc 2017 LLC v. Logitech Inc.*,
No. 5:18-cv-1304 (N.D. Cal. filed Feb. 28, 2018)....................................................................9

*Uniloc 2017 LLC v. Microsoft Corp.*,
No. 28:19-cv-00781 (C.D. Cal.) ..............................................................................................14

*Uniloc 2017 LLC v. Microsoft Corp.*,
No. 8:19-cv-780, Dkt. 1 (C.D. Cal., filed Apr. 29, 2019).........................................................3

*Uniloc 2017 LLC v. Motorola Mobility LLC*,
No. 2:18-cv-01844 (D. Del.).....................................................................................................14

*Uniloc 2017 LLC v. Netflix, Inc.*,
No. 8:18-cv-2150 ........................................................................................................................3

*Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.*
No. 2:18-cv-00508 (E.D. Tex.).................................................................................................14

iii

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

## TABLE OF AUTHORITIES
(continued)

**Page**

*Uniloc USA, Inc. et al. v. Apple, Inc.*,
   No. 3:19-cv-01697 (N.D. Cal.) ...............................................................................................14

*Uniloc USA, Inc. v. Apple, Inc.*,
   No. 1:18-cv-158, Dkt. 59 ...........................................................................................................4

*Uniloc USA, Inc. v. Apple Inc.*,
   No. 2:17-cv-258-JRG, Dkt. 104.......................................................................................... passim

*Uniloc USA, Inc. v. Apple Inc.*,
   No. 3:18-cv-360, Dkt. 164-2......................................................................................................5

*Uniloc USA Inc. v. Box, Inc.*,
   No. 1:17-CV-754-LY, Dkt. 47..................................................................................................10

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)..................................................................................................................13

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
   No. 2:10-cv-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ......................................14

**STATUTES**

28 U.S.C. § 1404..................................................................................................................1, 3, 6

America Invents Act ...................................................................................................................13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45(c)(1)(A) ........................................................................................................10

Fed. R. Civ. P. 45(c)(1)(B)(ii)....................................................................................................10

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

Defendant Google LLC ("Google") respectfully moves to transfer this action to the Northern District of California ("Northern District") pursuant to 28 U.S.C. § 1404.  The Northern District is clearly more convenient than the Eastern District of Texas (the "Eastern District") for the Parties, for the witnesses, and evidence likely to be presented.

The accused functionality is primarily developed in the Northern District, where Google is headquartered.  Meanwhile, Uniloc 2017 and Uniloc USA (collectively, "Uniloc") also have strong ties to California.  Uniloc maintains a principal place of business in Newport Beach, California and is headquartered in Irvine, California.  Current and former executives of Uniloc 2017, Uniloc USA, and Uniloc Luxembourg either spend time or reside in California.  Fortress, a funder of Uniloc and its related entities, is a Northern California resident that employs a current member of Uniloc 2017, who also lives in California.

But the party and nonparty ties to this district are weak or nonexistent.  Uniloc has few, if any, Texas-based employees.  Indeed, Uniloc's only connections to the Eastern District are Uniloc 2017's litigation-focused Tyler, Texas office and Uniloc USA's Plano, Texas office that may store few, if any, relevant physical documents that are also either available online or stored in its file server in Irvine, California.  This action should thus be transferred to the Northern District.

## **BACKGROUND**

**I.     THE VAST MAJORITY OF GOOGLE'S WITNESSES AND EVIDENCE ARE LOCATED IN THE NORTHERN DISTRICT**

Google is headquartered in Mountain View, California, in the Northern District.[1]  (Orr Decl.[2] ¶ 4.) ███████████████████████████████████████████

---

[1]  Google's Mountain View headquarters, which include offices in Sunnyvale, California (Orr Decl. ¶ 5), is within the Northern District, is referred to herein as "Mountain View."

[2]  Citations to "Orr Decl." refer to the Declaration of Patrick Orr in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL



In contrast, Google has no offices in the Eastern District of Texas.  (Lim Decl.[3] ¶¶ 3, 5.)

## II.    <u>UNILOC HAS BEEN AND CONTINUES TO BE RUN FROM CALIFORNIA</u>

Uniloc also has strong ties to California, and relevant Uniloc witnesses and documents are likely to be located in California.  Uniloc identifies in its Complaint that Uniloc 2017 has two offices, one of which is in Newport Beach, California.  (Compl. ¶ 1.)  Between 2014 and 2017 alone, Uniloc Luxembourg S.A., Inc. and Uniloc USA, Inc. held around 100 "top-level strategy meetings" as well as monthly meetings at its Newport Beach office.  (Exs. A [*Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-cv-258-JRG ("-258 Case"), Dkt. 104] at 17; B [Burdick -571 Dep.] at 47:18-25, 54:2-19.)  Uniloc and its related entities electronically store their settlement agreements in a Uniloc file server located in Irvine, California.  (Exs. A [-258 Case, Dkt. 104] at 10; B [Burdick -571 Dep.] at 128:5-8.)

Even the former CFO of Uniloc Luxembourg, Drake Turner, admitted that the "California location was a convenient place for Uniloc people to meet."  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 85:19-22.)  Craig Etchegoyen, the former CEO of Uniloc Luxembourg and current member of Uniloc 2017, maintains a residence in Newport Beach and Mr. Turner testified that Mr. Etchegoyen spends more time in California than in Texas."  (Ex. A [-258 Case, Dkt. 104] at 4-5,

---

[3]  Citations to "Lim Decl." refer to the Declaration of Sallie Lim filed as Dkt. 17-3 in this matter.

16-17 & n.5; B [Burdick -571 Dep.] at 160:3-20; D [-258 Case, Dkt. 61-2] at 2; E [Uniloc 2017 Corporate Disclosure]; C [Jan. 15, 2019 Turner -158 Dep.] at 119:13-121:6; F [Etchegoyen LinkedIn].)   Mike Ford, a Uniloc USA software engineer supporting Uniloc 2017's Centurion platform,[4] currently lives and works in Roseville, California.  (Ex. C [Jan. 15, 2019 Turner Dep. at 87:16-19, 91:5-21, 164:1-4.)   These witnesses may have relevant documents and employee notebooks likely located in California.

Despite not being registered to do business in Texas (Vallery Decl.[5] ¶ 2; Ex. G [Texas SoS of Uniloc 2017]), Uniloc 2017 alleges in its Complaint that its second office is in Tyler, Texas. (Compl. ¶ 1.)  Sean Burdick, the former president and general counsel at Uniloc USA, previously testified that Uniloc 2017's Tyler office has no employees, is used only by outside counsel for Uniloc litigations, and only stores historical Uniloc documents.  (Ex. B [Burdick -571 Dep.] at 56:11-57:12.)  The building directory at the address of Uniloc 2017's Tyler office states "Uniloc USA, Inc." with the name of Uniloc's outside litigation counsel, Jim Etheridge, listed underneath. (Tekell Decl.[6] ¶ 2.)  Notably, in suits filed in other districts, Uniloc 2017 has often not identified its Tyler office as a place of business.[7]

Uniloc USA identifies its Plano, Texas office as its place of business.  Recently, however,

---

[4] The Centurion platform was internally developed by Uniloc Luxembourg to identify patents to acquire and assert and is now owned by Uniloc 2017.  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 95:2-96:21.)  It is likely relevant to the alleged value of the asserted patents here.

[5] Citations to "Vallery Decl." refer to the Declaration of Jo Vallery in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[6] Citations to "Tekell Decl." refer to the Declaration of Amanda Tekell in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[7]   *See, e.g.*, *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-3432, Dkts. 1, 18, 28 (N.D. Cal. filed June 8, 2018); *see also, e.g.*, *Uniloc 2017 LLC v. Microsoft Corp.*, No. 8:19-cv-780, Dkt. 1 (C.D. Cal., filed Apr. 29, 2019); *Uniloc 2017 LLC v. Microsoft Corp.*, No. 8:19-cv-477, Dkt. 1 (C.D. Cal. filed Mar. 12, 2019); *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-2150, Dkts. 1, 23 (C.D. Cal. filed Dec. 14, 2018).

the Western District of Texas found that Uniloc USA's principal place of business was in Newport

Beach, California, with its headquarters in Irvine, California.  (Ex. AF [*Uniloc USA, Inc. v. Apple,

Inc.*, No. 1:18-cv-158, Dkt. 59] at 2.)  This Court previously determined that Uniloc USA's Plano

office had no full-time employees and that relevant physical documents were accessible online or

stored in a file server in California.  (Ex. A [-258 Case, Dkt. 104] at 10, 15-18, 19.)

## III.   THE MAJORITY OF THIRD PARTY WITNESSES RESIDE IN OR NEAR THE NORTHERN DISTRICT

The majority of relevant and known third parties are located in or near the Northern

District.  Former Uniloc executives currently reside or spend some time in California.  Mr.

Burdick, former president and general counsel of Uniloc USA, spends approximately a third of his

time in California and another third of his time in Boise, Idaho.[8]  (Exs. A [-258 Case, Dkt. 104] at

5, 17 n.6; D [-258 Case, Dkt. 61-2] at 2; H [Burdick LinkedIn].)  Chad Meisinger, a former board

member of Uniloc USA, currently resides in Orange County, California.  (Exs. A [-258 Case, Dkt.

104] at 5, 17 n.4; B [Burdick -571 Dep.] at 59:6-11; I [Meisinger LinkedIn].)  Mr. Turner currently

resides and works out of his home in Hermosa Beach, California.  (Exs. A [-258 Case, Dkt. 104]

at 5 n.2, 17 n.4; C [Jan. 15, 2019 Turner -158 Dep.] at 5:2-15; J [Turner LinkedIn].)

The investment firm Fortress Investment Group ("Fortress"), a Northern California

resident (Ex. K [Fortress locations]), likely has relevant witnesses and documents in this case.  For

example, Fortress incorporated Uniloc 2017 and its parent company, CF Uniloc Holdings LLC

("CF Uniloc").  (Exs. L [DE Certificate of Formation of Uniloc 2017], M [DE inc. of CF Uniloc

Holdings], N [CA SoS Application], O [CA SoI]).  Fortress also has funded Uniloc entities,

including Uniloc USA, at least three times, and thus has information related to annual audits and

---

[8]  The Court determined that Mr. Burdick spent the remaining third of his time in Plano, Texas
at Uniloc USA's Plano office.  (Ex. A [-258 Case, Dkt. 104] at 16.)  But Mr. Burdick is no
longer employed by Uniloc USA.  (Ex. H [Burdick LinkedIn].)

third party licensing agreements with the Uniloc entities it has invested in.  (Exs. P [Revenue Sharing Agreement]; Q [Third Amended Revenue Sharing Agreement]; R [Levy Dep.] at 67:9-69:3, 77:9-79:18, 85:1-4; S [Jacobs Decl.] at ¶¶ 3-11, 22; T [Turner Dep.] at 25:18-28:19, 32:10-24.)  Fortress also likely has information related to Uniloc 2017's granting of its rights to control enforcement, settlement, and assignment decisions to CF Uniloc, as it relates to standing and other issues.  (Ex. U [CF Agreement] at §§ 4.9(a), (b), 7.1(d); *see* Dkt. [21] at 5-11.)  James Palmer, a Managing Director of Intellectual Property Finance Group at Fortress, is a Northern California resident and likely has information related to Fortress's investments in Uniloc and its related entities based on his declarations and depositions in prior Uniloc cases in the Northern District.  (Exs. V [*Uniloc USA, Inc. v. Apple Inc.*, No. 3:18-cv-360, Dkt. 164-2] at 6-7; S [Jacobs Decl.] at ¶ 16; W [Palmer LinkedIn].)

Mr. Erez Levy, another Managing Director of Intellectual Property Finance Group at Fortress, is a Northern California resident and likely has relevant information regarding the above-identified relationship and responsibilities between Uniloc and Fortress.  (Exs. Y [Levy LinkedIn]; S [Jacobs Decl.] at ¶ 12.)  For example, ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

In another action filed against Apple, Uniloc USA designated Mr. Levy as its corporate designee.  (Ex. R [Levy Dep.] at 85:18-21.)  Mr. Levy also likely has relevant knowledge of Uniloc 2017's assignment of substantial rights, among other things, related to at least three transactions in May 2018 between Uniloc 2017 on one hand, and CF Uniloc and related Uniloc entities, including Uniloc USA, on the other hand.[9]  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 57:6-16, 61:4-23.)

---

[9] Another Fortress employee located in the Northern District who likely has relevant knowledge regarding the May 2018 transactions involving Uniloc 2017 is Michele Moreland.  (Exs. C [Jan.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

Mr. Levy may be called to testify in this case as to the formation and incorporation of Uniloc 2017, standing of Uniloc, and transactions between Fortress and Uniloc.

Numerous third-party prior art witnesses are also located in the Northern District of California and presumably will have documents located there.  For example, the only United States based delegate to the ETSI working group on the relevant prior art 3GPP technical specification is Yaron Oren-Pines, who resides in the Northern District.  (Nguyen Decl.[10] ¶ 2.)  Frank Canova, the lead architect of the IBM Simon mobile phone, a prior art system, also resides in the Northern District.  (*Id.* ¶ 3.)  Named inventors of prior art patents are also located in the Northern District, including Shmuel Shaffer and William Beyda, the inventors of U.S. Patent No. 6,145,083.  (*Id.* ¶ 4.)  Jason Kenagy and Scott Beith, co-inventors of prior art U.S. Patent No. 6,449,492, are located in San Diego, California.  (*Id.* ¶ 5.)  The prior art '492 patent was invented at and assigned to Qualcomm, Inc. also in San Diego, California.  (*Id.*)  The designers and engineers who developed the Qualcomm Thin Phone, another prior art system, also likely reside in or near San Diego, California, where Qualcomm, Inc. is located.  (*Id.* ¶ 6.)

## **LEGAL STANDARD**

A case should be transferred to another district if it could have been brought in that district and would be "clearly more convenient" to resolve in that district.  *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).  The proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are concentrated in the transferee district.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *see also In re Nintendo*

---

15, 2019 Turner -158 Dep.] at 57:1-58:11, 61:2-25; Z [Moreland LinkedIn].)

[10] Citations to "Nguyen Decl." refer to the Declaration of Theresa H. Nguyen in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

*Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  The determination is not whether the "transferee forum is *far* more convenient." *Toyota*, 747 F.3d at 1341 (emphasis in original).  Nor does plaintiff's choice of venue carry any weight. *Nintendo*, 589 F.3d at 1200.

Whether another district is sufficiently more convenient is determined by analyzing "private" and "public" interest factors. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." *Id.*  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *Id.* (quoting *Volkswagen II*, 545 F.3d at 315).

## ARGUMENT

## I.      THIS ACTION COULD HAVE BEEN FILED IN THE NORTHERN DISTRICT

This action could have been brought in the Northern District because that is where Google maintains its headquarters, where it conducts business, and where it employs thousands of personnel.  (*Supra*, Background § I; *Volkswagen II*, 545 F.3d at 312.)  Accordingly, the transfer analysis turns on weighing the private and public interest factors.

## II.     THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER

### A.      The Cost of Attendance For Willing Witnesses Is Substantially Less In The Northern District

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (citation and quotation marks omitted).  Here, the Northern

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

District is more convenient for the potential party and non-party witnesses, and this important factor thus weighs heavily in favor of transfer. *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561 (Fed. Cir. 2011) (granting mandamus and ordering transfer where there was a "stark contrast in convenience and fairness with regard to the identified witnesses"). Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 204-05 (5th Cir. 2004) (per curiam); *see TS Tech*, 551 F.3d at 1320; *Realtime Data LLC v. Teradata Operations, Inc.*, Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL, 2016 WL 235183, at *5 (E.D. Tex. Jan. 20, 2016) (finding that allowing witnesses to "remain in their home state . . . significantly minimize[s] the cost, time, and expense of travel to attend trial, which is the very purpose of § 1404(a)") (citation and quotation marks omitted).

There are several non-party witnesses likely to be called to testify in this case that reside and/or work in or near the Northern District. As discussed above, many relevant Fortress witnesses reside in Northern California, including Mssrs. Levy and Palmer, who are both Managing Directors in the Intellectual Property Finance Group at Uniloc's funder, Fortress. (*Supra*, Background § III.) They may need to testify as to the formation and incorporation of Uniloc 2017, standing, and other damages related issues. (*Id.*) In addition, as discussed above, a majority of other key third-party witnesses reside in or near the Northern District, including former Uniloc executives and prior art inventors. (*Id.*) By contrast, Google is not aware of any non-party witness who resides or works in the Eastern District. *Toyota*, 747 F.3d at 1340; *see also* Ex. B [Burdick - 571 Dep.] at 56:11-57:12.

The Northern District is also more convenient for party witnesses. ███████████████

████████████████████████████████████████████████████████████████████████

(*Supra*, Background §§ I, II; Ex. A [-258 Case, Dkt. 104] at 15-19 (finding this factor weighing in favor of transfer to the Northern District).)  Each of these witnesses will face a real and unnecessary burden in connection with traveling to the Eastern District for a trial, including time spent away from family and work and community commitments, as well as the monetary expense and lost productivity costs incurred by Google and Uniloc.  *Volkswagen II*, 545 F.3d at 317.  Uniloc also has strong ties to the Northern District and has continued to avail itself of the courts in the Northern District, demonstrating its convenience to Uniloc.  From 2018 to present, Uniloc 2017 filed at least three complaints in the Northern District alleging patent infringement.[11]

In contrast, Google has no offices in the Eastern District.  (Lim Decl. ¶¶ 3, 5.)  Google is also not aware of any Uniloc employees or witnesses in its Tyler, Texas or Plano, Texas offices.  (Ex. B [Burdick Dep.] at 56:11-57:7; *supra*, Background § II.)  Thus, it is unsurprising that, since 2018, the Eastern District transferred 11 cases filed by Uniloc USA to the Northern District despite Uniloc USA identifying in those 11 complaints both the Plano and Tyler offices as places of business.[12]  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. June 24, 2010) (finding this factor weighed in favor of transfer when the Eastern District "is convenient only for [the patentee's] litigation counsel," the patentee is not a Texas corporation, its corporate officers do not reside in Texas, and it has no employees in Texas).  Even if Uniloc employs people in its Plano or Tyler offices, this is outweighed by the numerous witnesses located in the Northern District.

---

[11]   *See, e.g.*, *Uniloc 2017 LLC v. Logitech Inc.*, No. 5:18-cv-1304 (N.D. Cal. filed Feb. 28, 2018); *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-3432 (N.D. Cal. filed June 8, 2018); *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-7038 (N.D. Cal. filed Nov. 20, 2018).

[12]   Nos. 4:18-cv-2646 (N.D. Cal.); No. 3:18-cv-572 (N.D. Cal.); No. 3:18-cv-363 (N.D. Cal.); No. 4:18-cv-364 (N.D. Cal.); No. 4:18-cv-362 (N.D. Cal.); No. 4:18-cv-361 (N.D. Cal.); No. 3:18-cv-359 (N.D. Cal.); No. 3:18-cv-358 (N.D. Cal.); No. 5:18-cv-357 (N.D. Cal.); No. 3:18-cv-365 (N.D. Cal.); No. 3:18-cv-360 (N.D. Cal.).

Taking all of the relevant witnesses into consideration, this important factor weighs heavily in favor of transfer.  *Volkswagen I*, 371 F.3d at 205-06; *Genentech*, 566 F.3d at 1345.

### B.    The Availability of Compulsory Process To Secure The Attendance Of Witnesses Heavily Favors Transfer

A court may compel a non-party witness to attend depositions or trial within 100 miles from his or her residence.  Fed. R. Civ. P. 45(c)(1)(A).  "Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses" than the transferor district.  *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013).  "The fact that the transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly."  *Genentech*, 566 F.3d at 1345.

Here, as discussed above, there are non-party witnesses who are relevant to this case that are located in the Northern District or in California where the Northern District has subpoena power.  (*Supra*, Background § III, Argument § II.A; Fed. R. Civ. P. 45(c)(1)(B)(ii) (If a trial is more than 100 miles from a non-party witness's residence, but within the state, the court may compel attendance so long as the witness would not incur "substantial expense.").)  For example, in an order granting transfer to the Northern District, the Western District of Texas recently found that one of the three former Uniloc executives in California, Mr. Turner, would be subject to absolute subpoena power from the Northern District.  (Ex. AA [*Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, Dkt. 47] at 6.)  In addition, key prior art witnesses are in the absolute subpoena power of the Northern District, including Yaron Oren-Pines, Frank Canova, Shmuel Shaffer, William Beyda, Jason Kenagy, Scott Beith, and the developers of the Qualcomm Thin Phone.  (Nguyen Decl. ¶¶ 2-6.)  On the other hand, Google is not aware of any relevant third-party witnesses who reside or work in the Eastern District.  Given the one-sided balance of witnesses within the respective subpoena powers of the Eastern District and the Northern District, both

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

parties will be better equipped to present relevant evidence at trial if this case proceeds in the Northern District—this factor weighs heavily in favor of transfer.

### C.   Easier Access To Sources Of Proof Heavily Favors The Northern District

This factor "turn[s] upon which party . . . will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010).   A patentee's ties with the District should be discounted "where an invention has no connection with Texas."   *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011).

Turning first to the Northern District, a majority of the evidence, including evidence from Uniloc, related Uniloc entities, Fortress, and other third parties, may come from or favor the Northern District.   (*Supra*, Background §§ I, II, III.)   As explained above, Messrs. Etchegoyen, Burdick, Meisinger, Turner, and Ford, all current or former employees of Uniloc and related Uniloc entities, reside or spend time in California, and are likely to have relevant documents. (*Supra*, Background §§ II, III.)   Indeed, this Court found that settlement agreements entered into by Uniloc and its related entities are electronically stored in a file server in California.   (Exs. A [-258 Case, Dkt. 104] at 10; B [Burdick -571 Dep.] at 128:5-8.)

Many of the prior art inventors and assignees are located in, near, or convenient to the Northern District.   (*Supra*, Background § III, Argument § II.A.)   Thus, highly relevant and unique documents relating to the validity of the asserted patents, including prior art systems and documents evidencing the productization or public availability of those systems, would be found there.   In addition, because the Northern District is more convenient for California-based third-party witnesses, those individuals are more likely to be convinced to voluntarily attend and testify at trial in the Northern District than in the Eastern District.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

Turning to the Eastern District, Google is unaware of any sources of evidence in the Eastern District that would outweigh the volume of potential evidence in the Northern District. Although Uniloc claims to operate out of the Eastern District, identifying Plano and Tyler offices, again, this Court ruled that Mr. Burdick (who has since left Uniloc) was only a part-time employee in the Plano office and that the relevant physical documents housed there were either available online or stored in a file server in California. (*Supra*, Background § III.) Mr. Burdick further testified that the Tyler office has no employees and functions to support outside counsel in Uniloc litigations. (Ex. B [Burdick -571 Dep.] at 56:11-57:12.) Indeed, Uniloc's outside trial lawyer is the only individual listed in the building directory at Uniloc 2017's alleged Tyler office, which is actually labeled in the directory as being the office of Uniloc USA, not Uniloc 2017. (Tekell Decl. ¶ 2.) This further demonstrates that Uniloc 2017's Tyler office is only used to support its outside counsel and would not otherwise contain documents relevant to this case. Mr. Burdick also testified that the Tyler office "houses historical files of the company,"[13] which the Federal Circuit has stated cannot "override a compelling showing of transfer," because it would be "inconsistent with the policies underlying § 1404(a)." *Verizon*, 635 F.3d at 561-62. (Ex. B [Burdick -571 Dep.] at 56:11-57:12.) To the extent any relevant documents do exist in Uniloc 2017's Tyler office, electronic versions of these documents are likely maintained at Uniloc's California office, (Ex. A [-258 Case, Dkt. 104] at 10). In sum, there is minimal relevant documentary evidence—if any—in the Eastern District that is not also likely located in California in electronic form.

---

[13]   Uniloc and its related entities have filed a number of patent infringement actions in the Eastern District. In response to motions to transfer in those cases, Uniloc and its related entities have filed declarations, but none of them identify any relevant witnesses or evidence in the Tyler, Texas office. (*See, e.g.*, Exs. AB [Burdick -354 Decl.]); AC [Burdick -258 Decl.].)

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

### D.      There Are No Practical Problems With Transferring This Case

There are no practical problems with transferring this case, because this case, including discovery, is in its infancy.  Uniloc's other separately filed cases against Google in this District should not sway the transfer analysis.  *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013) (stating that this Court "will not permit the existence of separately filed cases to sway its transfer analysis.  Otherwise, a plaintiff could manipulate venue by serially filing cases within a single district").  Moreover, the transfer analysis proceeds on an "individualized, case-by-case" basis.  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  In the context of patent litigation, Congress reinforced this longstanding principle through "the recently enacted America Invents Act" ("AIA"), directing that "each patent case will be treated separately" for purposes of resolving venue questions.  *LT Tech, LLC v. FrontRange Solutions USA Inc.*, No. 3:13-cv-1901-M, 2013 WL 6181983, at *5 (N.D. Tex. Nov. 26, 2013).  This case is unrelated to the other cases against Google that Uniloc has recently filed and are currently pending in the Eastern District, and therefore, the relevant witnesses and documents will likely also be different.[14]  *See, e.g.*, *Oyster Optics, LLC v. Coriant Am. Inc.*, Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202, at *7 (E.D. Tex. Sept. 22, 2017) (citing *In re Google, Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017)).  Uniloc has filed six other cases alleging infringement of the asserted '654 patent: one was transferred to the Northern District, two are pending in the Eastern District, and the remaining three are venued in Delaware, Washington, and the Central

---

[14]   For example, the technology involved in this case is the screen locking functionality in Google Pixel mobile phones, which is unrelated to the technology asserted in the other Uniloc cases against Google, which relate generally to Google Cloud, Google WiFi, Google Chromecast, Google Photo, and Google Hangouts.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

District of California.[15]  These cases are on different schedules in different courts,[16] and involve different parties, products, witnesses, and evidence.  Therefore, Uniloc's strategy of serially filing a number of complaints against Google and other parties should not weigh in favor of keeping this case in this District.  No practical problems exist; thus, this factor also weighs in favor of transfer.

## III.     THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A.     The Northern District Has A Strong Interest In This Case

██████████████████████████████████████████████

████████████████  (*Supra*, Background § I, Argument § II.A.)  Because Uniloc's allegations call into question "the work and reputation" of engineers responsible for work related to these products as well as Google's own reputation, the Northern District's "interest in this case remains strong."  *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see also Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012).

Fortress, a Northern California resident, incorporated Uniloc 2017 and CF Uniloc, invested in Uniloc and its related entities at least 3 times, and entered into an employment agreement with a current member of Uniloc 2017, Mr. Etchegoyen, also a California resident.  (Exs. L-O [Incorporation Documents]; R [Levy Dep.] at 67:9-69:3; S [Jacobs Decl.] at ¶ 22; E [Uniloc 2017 Corp. Disclosure].)

---

[15]    *See Uniloc USA, Inc. et al. v. Apple, Inc*., No. 3:19-cv-01697 (N.D. Cal.); *Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.* No. 2:18-cv-00508 (E.D. Tex.); *Uniloc 2017 LLC v. Huawei Device USA, Inc. et al*., No. 2:18-cv-00509 (E.D. Tex.); *Uniloc 2017 LLC v. Motorola Mobility LLC*, No. 2:18-cv-01844 (D. Del.); *Uniloc 2017 LLC v. HTC Am., Inc*. No. 2:18-cv-01732 (W.D. Wash.); *Uniloc 2017 LLC v. Microsoft Corp.*, No. 28:19-cv-00781 (C.D. Cal.).

[16]    The *Samsung* and *Huawei* cases in the Eastern District have been assigned to Judge Rodney Gilstrap and are both set for trial on July 6, 2020, *see* Dkt. 20, No. 2:18-cv-00508; Dkt. 25, No. 2:18-cv-00509; while this matter has been referred to Magistrate Judge Roy Payne for all pretrial proceedings and is set for trial on August 17, 2020, *see* Dkt. 36.  In the *Samsung* matter, Samsung has filed a Motion to Stay Pending Inter Partes Review.  *See* Dkt. 28, No. 2:18-cv-00508.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

In contrast, outside of litigation-related connections (*see supra*, Background § II), Uniloc's infringement allegations in its Complaint (*see, e.g.*, Compl. ¶¶ 80-98) have no connection to the Eastern District that could not be drawn to any other district in the country. *Volkswagen II*, 545 F.3d at 318 (noting these types of connections "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected— directly and indirectly—by the controversies and events giving rise to a case."); *Nintendo*, 589 F.3d at 1198. The fact that Google makes its services and products available nationally does not establish an interest in having the case tried here. *TS Tech*, 551 F.3d at 1321.   On balance, this factor weighs in favor of transfer. *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, No. 6:15-cv-618, Dkt. 231 at 12 (E.D. Tex. Jan. 11, 2016); *Google*, 2017 WL 977038, at *3 n.3.

### B.        The Administrative Difficulties From Court Congestion Favors Transfer

"The speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347.   In terms of disposition by trial, the Northern District's median time is 25.9 months compared to Eastern District's 27 months (Ex. AD [Table C-5]).   In terms of time to disposition for civil cases, the Northern District's median time is 7.9 months compared to the Eastern District's 8.7 months.   (Ex. AE [National Judicial Caseload Profile].)   Accordingly, this factor weighs slightly in favor of transfer.

### C.        The Remaining Public Interest Factors Are Neutral

The remaining public interest factors are neutral.   Both districts are also familiar with and can apply the federal patent laws to this patent infringement case. *TS Tech*, 551 F.3d at 1320.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court transfer this action to the Northern District of California.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

| Dated: June 28, 2019 | Respectfully submitted,<br><br>*/s/ Ryan J. McBrayer, with permission by Michael E. Jones* |
|---|---|
|  | Ryan J. McBrayer<br>RMcBrayer@perkinscoie.com<br>Theresa H. Nguyen<br>RNguyen@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: (206) 359-8000<br>Facsimile: (206) 359-9000<br><br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>POTTER MINTON LLP<br>110 N. College Avenue, Suite 500<br>Tyler, TX 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846<br><br>*Attorneys for Google LLC* |

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2019.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2019.

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conference required by Local Rule CV-7(h) was conducted on June 26, 2019 via telephonic conference with the following participants: Mike Jones for Google and Jim Etheridge and Ryan Loveless for Uniloc.  This motion is opposed.

*/s/ Michael E. Jones*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael E. Jones*

17