IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| UNILOC 2017 LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00493-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Google LLC's Motion for Leave to Supplement its Invalidity Contentions. (Dkt. No. 77). Google timely filed invalidity contentions that were partially based on publicly available information about the International Business Machine Corp. Simon system. Google subpoenaed IBM to produce non-public materials related to the IBM Simon system, but IBM only produced them after the deadline to file invalidity contentions in this case had passed. Google now seeks to supplement its invalidity contentions with the non-public materials, which Plaintiff Uniloc 2017 LLC opposes.[1] After consideration, the Court **GRANTS** Google's Motion.

### I.   STATEMENT OF LAW

Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence includes a party's diligence in discovering the reference. "As other courts have recognized, 'the critical issue is not what the party did after they

---

[1] After Google filed this Motion, Uniloc filed a response (Dkt. No. 90) to which Google filed a reply (Dkt. No. 108) and Uniloc filed a sur-reply (Dkt. No. 119).

discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys Sys, Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013) (internal quotation marks omitted)).

While courts have broad discretion to allow modifications, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (citations omitted).

## II.    BACKGROUND

Uniloc filed this case on November 17, 2018, alleging that Google infringed U.S. Patent No. 6,836,654 (the "'654 patent"). On May 7, 2019, Uniloc served its infringement contentions. After starting its prior art search, Google claims it identified the IBM Simon system as relevant prior art. While it was able to acquire some material relating to IBM Simon, it could not access certain non-public materials related to the system. Thus, Google subpoenaed IBM for that material on July 10, 2019. (*See* Dkt. Nos. 77 at 1–2; 90 at 2–3).

On July 15, 2019, Google filed its invalidity contentions without the subpoenaed IBM Simon information.[2] As part of its contentions, Google drafted two invalidity charts, one asserting that IBM Simon anticipates the asserted claims of the '654 patent and a second asserting that IBM

---

[2] While invalidity contentions are usually due 45 days after service of infringement contentions under Local Patent Rule 3-3, the Parties agreed to push the deadline to July 15, 2019.

Simon, combined with other references, renders obvious the asserted claims of the '654 patent. Google also told Uniloc of the pending subpoena to IBM and its plan to supplement its contentions.

On August 22, 2019, Google received access to the IBM Simon material and provided Uniloc the underlying documents that day.[3] On August 30, 2019, Google provided supplemental charts in redline format to Uniloc. At a meet and confer on September 18, 2019, Uniloc stated it would oppose the current Motion.

### III. ANALYSIS

The Parties each argue the aforementioned factors favor their position. For the reasons set forth herein, the Court finds that the first factor favors a denial of the Motion, while the remaining three factors favor a grant. Therefore, the factors weigh in favor of granting the Motion.

#### a. Explanation for the failure to meet the deadline

The first factor is Google's explanation for its failure to meet the deadline. Google has been aware of the IBM Simon system since well before this case was filed.[4] Google's point that it only began to search for prior art after Uniloc served its infringement contentions in May 2019 is well taken. Yet, Google never adequately explains why it waited until only a few days before the invalidity contentions deadline to subpoena IBM. This point is further emphasized by the fact that the deadline for the invalidity contentions was, at Google's request, pushed back almost a month. Therefore, Google's apparent lack of diligence in acquiring the relevant prior art material before the invalidity contentions deadline means this factor weighs towards denial of the Motion.

---

[3] The delay was partially caused by IBM objecting to the subpoena on July 24, 2019, two weeks after the request was made and over a week after Google filed its invalidity contentions.
[4] Google has been aware of the IBM Simon system for years and has used the cited IBM Simon manual in previous actions. *E.g.,* IPR2017-00386.

b. **Importance of the thing that would be excluded**

The second factor is the importance of the supplementation to Google. As mentioned above, Google plans to use IBM Simon to invalidate the asserted patent. Prior art references potentially rendering a patent invalid are important. *Alcatel USA Res., Inc. v. Microsoft Corp.*, No. 6:06-CV-500, 2008 WL 11348444, at *2 (E.D. Tex. Oct. 3, 2008). Google also claims that the supplementation helps demonstrate the functionality of the IBM Simon system and obviates any potential authenticity issues. Further, it claims that the disclosures provide additional support for its original disclosure and additional evidence of the sale, use, and public availability of the IBM Simon system. Finally, Google believes it will assist the jury's understanding of the state-of-the-art at the relevant time. (Dkt. No. 77 at 5). Therefore, the supplemental material is important and factor two weighs in favor of granting the Motion.

c. **Potential prejudice in allowing the thing that would be excluded**

The third factor is the potential prejudice to Uniloc in allowing the supplementation. The IBM Simon system is one prior art reference. Further, Google notified Uniloc of the IBM subpoena when it was served on July 10, 2019, and disclosed the IBM Simon system to Uniloc in its invalidity contentions. Google also alerted Uniloc of the IBM production the day Google received it and provided supplemented invalidity charts on August 30, 2019, eight days after receiving access to it. That same day, Google, in its letter to Uniloc, explained that the only changes were based on IBM's production, which Google marked in track changes. Accordingly, Uniloc has been on notice of the supplemental disclosures for months and will have even more time before it will need to argue its claim construction position.[5] Therefore, factor three weighs in favor of granting

---

[5] Under the current Docket Control Order, the Claim Construction Hearing is set for January 10, 2020.

the Motion since Uniloc will not be greatly prejudiced by the supplementation as it has been aware of its existence for months.

      **d. Availability of a continuance to cure such prejudice.**

The fourth factor is the availability of a continuance to cure any prejudice. This Court's schedule will likely not need to be adjusted if leave to supplement is granted. As a result, no proceedings or other deadlines will be impacted. Even if a continuance is needed, months remain for claim construction and fact and expert discovery Therefore, factor four weighs in favor of granting the Motion as the Court can grant a continuance, in the unlikely event that one is needed.

**IV. CONCLUSION**

In conclusion, the factors weigh in favor of allowing supplementation. Accordingly, the Court **GRANTS** Google's Motion.

**SIGNED this 2nd day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE