**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2-18-cv-00493 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| Defendant. | § | |
| | § | |

**PLAINTIF'S MOTION TO STRIKE**
**DEFENDANT'S INVALIDITY CONTENTIONS**

The Court should strike Defendant Google's invalidity contentions as being non-compliant with P.R. 3-3 for the following reasons:

(1) <u>Failure to Comply by Providing Notice and Specificity</u>—Google's invalidity contentions purport to preserve the right to rely on virtually any combination of at least 140 references identified therein, in addition to undisclosed references, thereby burying within a veritable haystack of possibilities the invalidity theories Google intends to present at trial;

(2) <u>Failure to Comply Regarding Obviousness</u>—Google's invalidity contentions do not identify with specificity (a) *which ones* the astronomical number of alleged possible combinations Google intends to present at trial under an obviousness theory, and *how* Google intends to combine any such references, (b) *which specific claims*, if any, are rendered obvious by each alleged combination, and (c) *the alleged motivation to combine* such items to arrive at specific claim limitations;

(3) <u>Failure to Comply Regarding Anticipation</u>—Google's claim charts alleging anticipation do not come close to sufficiently identifying for each alleged item of prior art where and how each element of each asserted claim is found;

(4) <u>Failure to Disclose Google's Section 112 Challenges</u>—Google's opened-ended approach concerning invalidity under 35 U.S.C. § 112 is not compliant with the Local Patent Rules; and, in any event, Google has since waived its challenges under 35 U.S.C. § 112;

(5) <u>Improper Incorporation by Reference</u>—Google improperly purports to preserve rights concerning uncharted and even undisclosed references; and

(6) <u>Failure to Comply by Properly Identifying all Theories it Intends to Present at Trial</u>—Google purports to identify mere examples, rather than a complete list, of the invalidity theories it intends to present trial; and Google repeatedly indicates its intention to rely on *undisclosed* alleged prior art and "*uncited*" portions of the references identified in its invalidity contentions.

## INTRODUCTION

Uniloc 2017 LLC ("Uniloc") respectfully submit this motion to strike the Invalidity Contentions made by Defendant Google LLC ("Google") and dated July 15, 2019.[1]  Google's Invalidity Contentions states Google intends to assert anticipation, obviousness, and other defenses against only claims 1, 3-5, 10, 11, and 13 of U.S. Patent No. 6,836,654 ("the '654 patent"). Ex. 1 at 1.  Google attached no less than 50 distinct claim charts to its Invalidity Contentions. Among other deficiencies, none of these claim charts provide sufficient notice concerning anticipation; and there is not a single claim chart for even one challenged claim showing, with the required specificity, how Google contends any of the plethora of references are to be combined under a theory of obviousness.

After careful review of Google's Invalidity contentions, Uniloc sent a letter dated December 31, 2019 identifying in great detail and with specificity the deficiencies noted herein and, also, requesting a meet and confer.  *See* Loveless Dec., Ex. 2. Uniloc discussed this issue in the parties meet and confer on January 3, 2020 and understood Google would provide a proposal on attempting to narrow the issue. Since that meet and confer, Google has made no attempt to remedy its deficiencies.  Accordingly, Court intervention is appropriate.[2]

---

[1] The signed cover pleading of Google's Invalidity Contentions is attached as Exhibit 1 to the Declaration of Ryan Loveless ("Loveless Dec."), which is attached hereto as Appendix A.

[2] Uniloc has repeatedly represented that it would pull an/or moot its motions if Google addressed the deficiencies.

## ARGUMENT AND AUTHORITIES

This Court should grant Uniloc's motion to strike Google's invalidity contentions because Google's boilerplate and uninformative disclosures violated P.R. 3-3.

## MOTION TO STRIKE INVALIDITY CONTENTIONS

Local Patent Rule 3-3 requires accused patent infringers to provide a disclosure setting forth (1) "***the identity of each*** item of prior art that allegedly anticipates each asserted claim or renders it obvious," (2) "whether each item of prior art anticipates each asserted claim ***or*** renders it obvious," (3) "each [obviousness] ***combination***, and ***the motivation to combine***," (4) "[a] chart identifying ***where specifically*** in ***each*** alleged item of prior art ***each*** element of ***each*** asserted claim is found," and (5) "[a]ny grounds of invalidity" based on indefiniteness, enablement, or written description. P.R. 3-3(a)-(d) (emphasis added).  Rule 3-3 disclosures serve a straightforward goal: "to place the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial." *Realtime Data, LLC v. Packeteer, Inc.*, Civil Action No. 6:08–CV–144, 2009 WL 4782062, at *2 (E.D. Tex. Dec. 8, 2009). Under P.R. 3-3 and this Court's jurisprudence, invalidity contentions should be stricken when they lack the required specificity and fail to give notice of the contentions that the accused infringers actually intend to assert at trial.

In general, Google's Invalidity Contentions violate the disclosure requirements of P.R. 3-3 at least by (1) failing to provide sufficient notice concerning Google's invalidity theories under 35 U.S.C. §§ 101, 102, 103, and 112; (2) burying within a haystack of references, included *uncharted* and even *undisclosed* references, the invalidity theories Google allegedly intends to rely on; and (3) purporting to identify mere examples, rather than a complete list, of alleged prior art and combinations thereof.

### A. Failure to Comply by Providing Notice and Specificity

Contrary to Local Patent Rules, Google's invalidity contentions fail to provide sufficient notice because, as an initial matter, they are overly lengthy and effectively bury in a haystack of *over 50 claim charts citing to around 100* references the contentions Google intends to present at

trial. *Saffran v. Johnson & Johnson*, No. 2:07-CV-0451-TJW, 2009 WL 8491495 *1 (E.D. Tex. Feb. 24, 2009) (striking contentions as failing to "put the plaintiffs on real or useful notice."). Indeed, Google's claim charts alone, while substantively deficient in several other respects, total nearly 5,000 pages. This total is well over *five times* the page count of the "useless" invalidity contentions previously stricken by this Court in *Saffran*. *Id*; *see also Realtime Data, LLC v. Packeteer, Inc.*, Civil Action No. 6:08–CV–144, 2009 WL 4782062, *3 (E.D. Tex. Dec. 8, 2009) (explaining P.R. 3-3 serves a straightforward goal of "plac[ing] the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial.").

### B.  Failure to comply Regarding Obviousness

At a minimum, Google's P.R. 3-3 contentions concerning obviousness provide insufficient notice at least because, at a minimum, they do not identify with specificity which features of which particular references or combinations thereof Google intends to assert under an obviousness theory at trial, how Google intends to combine any such references, and the motivation to combine such items.

#### 1.   Failure to disclose which combination(s) Google intends to assert

Google has not provided even one chart showing with the required specificity which ones of the over 100 references or alleged "systems" Google intends to combine for even one challenged claim under a theory of obviousness. Google's failure to disclose specific obviousness combinations of alleged prior art violates P.R. 3-3, which provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination . . . ***must be identified***." P.R. 3-3(b) (emphasis added).

This Court has stricken contentions that failed to identify the specific combinations that the defendants intended to use at trial. *See*, *e.g.*, *Personal Audio, LLC v. Togi Entertainment, Inc.*, Case No. 2:13-cv-00013, Dkt. No. 251 at 1-3 (E.D. Tex. Aug. 6, 2014) (finding "Defendants have failed to put Plaintiff on notice for the bulk of the thousands of possible combinations that result from the broad language in Defendants' invalidity contentions" and that, consequently, striking such "multi-

reference obviousness contentions is appropriate."); *Saffran*, 2009 WL 8491495, *1 ("The defendants' current 'Invalidity Contentions' are an attempt to end run the rules. They do not specifically identify combinations of references that the defendants anticipate using at trial . . . ."); *Realtime Data,* 2009 WL 4782062, *3 (holding that it is impermissible to (1) argue obviousness based upon "an impossibly high number of combinations"; (2) "reserve[e] the right to combine any charted prior art references"; and (3) casually note that "the knowledge of one of ordinary skill in the art" renders the invention invalid).

Contrary to the Local Patent Rules and the Court's precedent, Google's Invalidity Contentions purport to preserve rights to rely upon literally every possible combination of the over 100 references and or alleged "systems" identified therein. Given that Google's Invalidity Contentions include no less than 50 claim charts and identifies at least 100 distinct references or alleged "systems" (each purportedly described in multiple references), the number of possible combinations thereof, all of which Google purports to preserve the right to rely upon, exceeds the factorial of 100 (i.e., 9.332622e+157)—quite literally an astronomical number.  But that is not all, as explained further below, Google further obscures its contentions by purporting to reserve the nonexistent right to rely upon *unidentified* and *uncharted* art, together with what Google vaguely refers to as the *state of the art* and *knowledge of those skilled in the art*.  In short, Google essentially purports to reserve the right to rely on the entire possible universe of art, making it virtually impossible for Uniloc to even guess as to the actual theories Google intends to asset at trial.

The cover pleading of Google's Invalidity Contentions is replete with statements which are representative of Google's attempt to circumvent the notice requirements of the Local Patent Rules. For example, Google offers the vague assertion that "each of the asserted claims of the Asserted Patent is anticipated by and/or obvious in view of one or more of items of prior art identified above in Sections III.A. (list of prior art patents), III.B. (list of prior art publications), and/or III.C. (list of prior art systems), alone or in combination." Ex. 1 at 14.  As another example, Google offers the equally vague assertion that "the asserted claims of the Asserted Patent are obvious in view of the

state of the prior art (including Admitted Prior Art) alone and/or in combination with the references described in the above-referenced Exhibits as well as the references and disclosures described below." As another representative example, Google asserts that it "reserves the right to rely on any other combination of any prior art references disclosed herein."[3]  *Id*. at 21; *see also id*. at 17 ("Google's inclusion of exemplary combinations does not preclude Google from identifying other invalidating combinations as appropriate.").

As shown by these representative examples, Google apparently seeks to conceal its true intentions by purporting to preserve the ability to combine any alleged teaching (regardless whether it is even cited in chart) from any of the references (regardless whether the reference is charted or even disclosed) to yield virtually any possible combination.  Google purports to excuse itself for not providing a claim chart directed to each possible combination ostensibly because it would be "unduly burdensome" to create claim charts for the "thousands of" (actually innumerable) possible combinations Google is asserting.  *Id*. at 17.

No defendant could reasonably believe that such a generic recitation of invalidity would pass muster in the Eastern District of Texas.  Indeed, Google appears to offers its generic statements as an attempted end around to the requirements that it must identify with specificity (1) which particular references or combinations thereof Google intends to assert under an obviousness theory at trial, and how Google intends to combine any such references, (2) which specific claims, if any, are rendered obvious by each alleged combination, and (3) the motivation to combine such items. The rules further require, for each invalidity theory Google seeks to preserve, a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."

Google does not cure these deficiencies in the myriad of claim charts it provided.  In each one of Google's claim charts purporting to advance theories of obviousness, Google offers at the outset some form of the following open-ended assertion: "[a]ll asserted claims of the '654 patent

---

[3] Contrary to what Google suggests by this statement, the claim charts it attached as exhibits to its Invalidity Contentions do not provide sufficient notice concerning even one specific combination for even one limitation.

are obvious in view of [a primary reference or purported "system"], either alone or combination with the knowledge of a person of ordinary skill in the art ("POSA"), or in combination with one or more other references disclosed in the Invalidity Contentions."[4]  Google's open-ended statement, repeated in some form in every chart purporting to disclose theories of obviousness, is even more egregious than what the Court deemed deficient in *Realtime Data*. *Realtime Data*, 2009 WL 4782062, *3 (finding invalidity contentions deficient and noncompliant in that they stated any document or product anticipating an asserted claim can also be used to render that claim obvious when "viewed alone or in combination with other prior art references").

In those limited instances where Google's claim charts purport to provide citations to a subset of the references identified in the cover pleading, Google nevertheless simply collects citations, without disclosing with specificity precisely which of the "and/or" references it truly intends to rely upon for any given limitation, whether multiple ones of the "and/or" references are to combined, and the motivation for such unspecified combination of features.

Even if Google had disclosed a so-called "exemplary" combination in its claim charts, that would still be insufficient.  *See Pers. Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 WL 12617798, (Dkt. 251) at *1 (E.D. Tex. Aug. 6, 2014) (striking multi-reference obviousness contentions and holding that "simply providing a small number of 'exemplary combinations' does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references."); *Saffran*, 2009 WL 8491495, *1 (striking invalidity contentions, and finding that the use of "language purporting to make the contentions merely illustrative" and failure to "specifically identify combinations of references that the defendants anticipate using at trial" constituted "an attempt to end run the rules.").

The importance of specifically identifying *how* references are to be combined in the P.R. 3-3 disclosures is further emphasized by the fact that accused infringers are typically required to eventually select a limited number of combinations from among those previously disclosed in the

---

[4] The quotation appears on the first page of virtually every claim chart attached to Google's Invalidity Contentions purporting to disclose theories of obviousness.

invalidity contentions served pursuant to P.R. 3-3.  For example, the Model Order Focusing Patent Claims and Prior Art to Reduce Costs[5] notes that in limiting a final election of references to "six asserted prior art references per patent" that "each **obviousness combination** counts as a separate prior art reference." *Id*. (emphasis added).  Google will not be able to provide a final election because its P.R. 3-3 disclosures do not specifically identify how references are to be combined.

In short, Google's infinite-permutation approach to obviousness combinations is an unacceptable "attempt to end run the rules," as it must "specifically identify combinations of references that the defendants anticipate using at trial." *Saffran ,* 2009 WL 8491495, at *1.

## 2.  Failure to provide sufficient notice of the motivation to combine such items

Google further fails to meet the disclosure requirement concerning specific motivation to combine.  *See Whirlpool Corp. v. TST Water, LLC*, 2016 WL 11260312, at *1 (E.D. Tex. Nov. 8, 2016) (striking invalidity contentions that described "buckets" of prior art without "explaining the particular motivation to combine"). Google simply accompanies each laundry list references and unexplained citations with an equally generic laundry list of contrived motivations.   As representative examples, Google offers in its cover pleading the following generic and boilerplate statements:

> [T]he motivation to combine the teachings of the prior art references disclosed herein is found in the references themselves and: (1) the nature of the problem being solved, (2) the express, implied, and inherent teachings of the prior art, (3) the knowledge of persons of ordinary skill in the art, (4) the fact that the prior art is generally directed towards antitheft security features for mobile phones, including timing locks and SIM cards linked to particular mobile phones, (5) the fact that the prior art generally is employed on similar mobile standards such as GSM, CDMA, and AMPS, and/or that certain manufacturers were understood to design and sell mobile devices compatible on a mobile subscriber network practicing the GSM, CDMA, and/or AMPS standard, and (6) the predictable results obtained in combining the different elements of the prior art. Additionally, one would be motivated to address at least the alleged problems or achieve the purported objectives identified in the description of the '654 patent.

---

[5] The Court's Model Order is publicly available at
http://www.txed.uscourts.gov/sites/default/files/forms/ModelPatentOrder.pdf.

Ex. 1 at 16.

> One of skill in the art would have been motivated to combine the references identified herein because, for example, the identified combinations fall into one or more of the following categories:
>
> - A combination of elements known in the prior art according to known methods to yield a predictable result;
>
> - A combination that is a simple substitution of one or more known elements for another to obtain a predictable result;
>
> - A combination that involves using a known technique to improve a similar device or method in the same way;
>
> - A combination that involves applying a known technique to a known device or method ready for improvement to yield a predictable result;
>
> - A combination that results from a finite number of identified, predictable solutions with a reasonable expectation of success, such that the solution was one which was "obvious to try";
>
> - A combination that results from known work in one field of endeavor prompting variations of it for use either in the same field or a different field based on design incentives or other market forces in which the variations were predictable to one of ordinary skill in the art; and
>
> - A teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill in the art to modify the prior art reference or to combine the teachings of various prior art references to arrive at the claimed invention.

Id. at 22–23.

The Court has stricken similar, if not less egregious, boilerplate contentions concerning alleged motivation to combine. *See Realtime Data,* 2009 WL 4782062, *3 ("[T]he purpose of the Patent Rules is to avoid reliance on the amorphous knowledge of one of ordinary skill in the art."); *see also Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373-74 (Fed. Cir. 2008) (finding that merely listing prior art references followed by an assertion that combining such references would have been obvious to one skilled in the art fails to "offer any motivation for one skilled in the art to combine the particular references").

After submitting boilerplate language that clearly falls far short of the disclosure requirement concerning a motivation to combine, Google attempts to excuse itself by asserting that

"a patent challenger is not required to show that one of ordinary skill in the art would have had a specific motivation to combine prior art references." *Id*. at 22.  Google evidently overlooks the Court's explicit *requirement* that "[i]f a combination of items of prior art makes a claim obvious, each such combination, and *the motivation to combine* such items, *must* be identified." P.R. 3-3(b).

Google does not cure these deficiencies in its haystack no less than 50 claim charts.  As explained above, each claim chart purporting to disclose theories of obviousness repeats at the outset the same open-ended language, such as the quotation emphasized above,[6] which purports to preserve the right to rely on virtually every possible combination, even without disclosing the corresponding motivation to combine for each.   According to Google, it would be "unduly burdensome" to even create claim charts for the "thousands of" (actually innumerable) possible combinations Google is asserting, much less disclose motivations to combine for each.  *Id*. at 17.

## C.  Failure to Comply Regarding Anticipation

Local Patent Rule 3-3(c) requires accused infringers to provide "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . . . ."

At a minimum, Google's claim charts are deficient in that they lack any explanation as to how the citations allegedly anticipate the limitation in question.   At most, Google offers only quotations from a given reference, without any accompanying explanation.   This too is noncompliant under the Local Patent Rules. *See Pozen Inc. v. Par Pharm., Inc.*, No. 6:08-CV-437, 2010 WL 11431483, at *8 (E.D. Tex. June 8, 2010) ("Where there is no explanation as to how particular references anticipate or render the asserted claims obvious, a defendant will not be permitted to "reserve the right" to assert largely undisclosed invalidity theories."); *accord CyEee Group Ltd. v. Samsung Electronics Co. Ltd.*, 2018 WL 4100760, *2-*3 (E.D. Tex. 2018) (Bryson, C.J., sitting by designation).

As noted above, Google further asserted it intends to reserve the right to raise anticipation theories based on certain disclosed and even undisclosed references for which Google did not

[6] *See* note 3, *supra*.

provide any accompanying claim chart as an exhibit to its Invalidity Contentions.  The Court has stricken such contentions as clearly noncompliant with the Local Patent Rules.  *See Anascape, Ltd. v. Microsoft Corp.*, Civ. No. 9:06-CV-158, 2008 WL 7180756, *1–*4 (E.D. Tex. 2008) (granting motion to strike invalidity contentions which generally referenced prior art without specifically mapping aspects of the prior art to each element of the claim, and denying accused infringer's motion to amend its invalidity contentions to correct the deficiencies and to add new references).

### D.  Google's Section 112 Challenges Are Noncompliant and Meritless

Google incorrectly suggests in its cover pleading that it need not provide notice in its Invalidity Contentions of any theory under 35 U.S.C. § 112, in order to preserve the same. *See* Ex. 1 at 29–30 ("Google notes that the Court's Docket Control Order contemplates that all indefiniteness issues be brought to the Court's attention through the *Markman* briefing process (*see* Dkt. 36 at 4), which begins on January 7, 2020, Google's detailed arguments as to indefiniteness will be presented at that time, through the *Markman* meet and confer and briefing process."). However, P.R. 3-3(d) clearly states the Invalidity Contentions must *themselves* disclose, with sufficient specificity to provide meaningful notice, "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." In any event, the Court's claim construction order (Dkt. 165) considered and rejected all of Google's indefiniteness arguments directed to the challenged independent claims.  The Court adopted but one indefiniteness theory, which is applicable only to dependent claim 4.

### E.  Improper Incorporation by Reference

Google's Invalidity Contentions improperly purport to incorporate by reference, for example, *uncharted* and *undisclosed* "additional items of prior art under 35 U.S.C. § 102(a), (b), (e), (f) and/or (g), and/or § 103 located during the course of discovery or further investigation" Ex. 1 at 8.  This not only fails to put Uniloc on notice,[7] but also violates the express provisions of the

---

[7] *Realtime Data,* 2009 WL 4782062, *3 (P.R. 3-3 serves a goal of "plac[ing] the Plaintiff on

local patent rules.  In particular, P.R. 3-3 requires that "each party opposing a claim of patent infringement, shall serve on all parties its 'Invalidity Contentions' which must contain the following information," including not only the identity of "each item of prior art," but also a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Google's attempt to incorporate by reference unspecified prior art not included in Google's Invalidity Contentions clearly does not provide the required notice function required by the local rules, let alone identify specifically where in each alleged item of prior art each element of each asserted claim is found.

### F.  <u>Google Should Not be Permitted to Leave Open or Expand its Contentions</u>

Throughout its Invalidity Contentions, Google repeatedly indicates its intention to rely on *undisclosed* alleged prior art and *uncited* portions of the identified references.  This renders Google's claim charts all but meaningless, as they consist almost entirely of unexplained citations (which Google alleges are simply examples).  In addition to the statement quoted above from Google's cover pleading, what follows is a non-exhaustive yet representative list of other examples of Google's improper open-ended statements.  Google's cover pleading asserts it reserves the rights to:

- "rely upon corroborating documents, products, testimony, and other evidence including materials obtained through further investigation and third-party discovery of the prior art identified herein that describes the invalidating features identified in these Contentions" (Ex. 1 at 2);

- rely upon "evidence of the state of the art in the relevant time period (irrespective of whether such references themselves qualify as prior art to the Asserted Patent), including prior art listed on the face of the Asserted Patent and/or disclosed in the specification ("Admitted Prior Art")" (*id*. 2–3);

- "rely on the entirety of the prior art references listed herein, including un-cited portions of those prior art references, and on other publications and expert testimony shedding light on those prior art references, including as aids in understanding and interpreting the cited portions, as providing context thereto and as additional evidence that the prior art discloses a claim limitation" (*id*. at 2);

notice of potentially invalidating art that Defendants will assert in their case and at trial.").

- "rely on cited or uncited portions of the prior art, other documents, and/or expert testimony to establish that a person of ordinary skill in the art would have been motivated to modify or combine the prior art so as to render the claims invalid as obvious" (*id*. at 24);

- "rel[y] on and incorporate[] all prior art references cited in and/or on the cover of the '654 patent and their respective prosecution histories, including for supporting the obviousness of any asserted claim" (*id*. at 5);

- "rel[y] on and incorporate[] by reference, as if originally set forth herein, all invalidity positions, and all associated prior art and claim charts, disclosed to Uniloc by present or former defendants in any lawsuits or other proceedings3 or by potential or actual licensees to any of the asserted claims" (*id*.);

- identify other references that would have made obvious the additional allegedly missing limitation to the disclosed device or method of operation (*id*. at 21), etc.

Google also asserts, for example, that 50 or so claim charts are merely "illustrative examples" and that Google purports to rely on theories it failed to chart. *See id*. at 17; *see also id. at* 21 ("Google puts forth the below *exemplary* combinations that further demonstrate the obviousness of the asserted claims.") (emphasis added).

A party's invalidity contentions are "deemed to be that party's final contentions"—not "preliminary contentions" as Google supposes. *See L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11CV599, 2013 WL 7937026, at *2 (E.D. Tex. Oct. 11, 2013) ("A party's invalidity contentions are 'deemed to be that party's final contentions.'") (citing P.R. 3-6(a) and quoting *Motorola, Inc. v. Analog Devices, Inc.*, No. 1:03–CV–131, 2004 WL 5633735, at *1 (E.D. Tex. Apr. 8, 2004)); *see also CyEee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB, 2018 WL 4100760, at *2 (E.D. Tex. July 2, 2018) (Bryson, C.J., sitting by designation) (noting that similar "boilerplate language in invalidity contentions is contrary to this district's Local Patent Rules and case law."); *Saffran*, 2009 WL 8491495, *1 (E.D. Tex. Feb. 24, 2009); *Pozen,* 2010 WL 11431483, *8 ("[A] defendant will not be permitted to 'reserve the right' to assert largely undisclosed invalidity theories").

The only "right" Google has with respect to invalidity contentions are governed under the Local Patent Rules and controlling authority concerning the same. *See*, *e.g.*, *Innovative Display*

*Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014) ("[Google's] unilateral 'reservation of rights,' buried in the Invalidity Contentions which they never filed with the Court, cannot trump the requirements under Local Patent Rules P.R. 3-6 and the Court's Docket Control Order.").  Under the Local Rules, a party's Invalidity Contentions are "deemed to be that party's final contentions" and "[a]mendment or supplementation [of] . . . Invalidity Contentions . . . may be made . . . only upon a showing of good cause." P.R. 3-3(b), 3-6(b); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004) (identifying the movant as the party bearing the "good cause burden").  Google should not be allowed to *further ambiguously expand* its already non-compliant Invalidity Contentions.


Date: February 3, 2020

<div style="margin-left:40%">

*/s/ James L. Etheridge*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Brian M. Koide
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
JHuang@EtheridgeLaw.com
Brian@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**

</div>

**CERTIFICATE OF CONFERENCE**

I certify that on January 3, 2020, counsel for Uniloc met and conferred with counsel for Google concerning a letter dated December 30, 2019 concerning the issues addressed in this brief. The parties are at an impasse.

*/s/ James L. Etheridge*
James L. Etheridge

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2020, the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ James L. Etheridge*
James L. Etheridge