# EXHIBIT O

# JONES DAY

325 JOHN H. MCCONNELL BOULEVARD, SUITE 600

COLUMBUS, OHIO  43215.2673

TELEPHONE: +1.614.469.3939  •  FACSIMILE: +1.614.461.4198

January 28, 2020

<u>VIA E-MAIL</u>

Jim Etheridge
Etheridge Law Group
2600 East Southlake Blvd., Ste. 120/324
Southlake, TX 76092

> Re:  <u>*Uniloc 2017 LLC v. Google LLC* - Case No. 2:18-cv-00493 – Response to
> Uniloc's Letter Regarding Its Infringement Contentions</u>

Dear Jim:

I write in response to your letter from December 23, 2019 concerning Uniloc's deficient infringement contentions.  *See 12/23/19 Uniloc Correspondence from B. Magnum to G. Lanier ("12/23/19 Uniloc Correspondence")*.  As an initial matter, your letter is Uniloc's first substantive response on this issue despite Google's repeated requests during the ***past 5 months*** that Uniloc cure its plainly deficient infringement contentions or otherwise provide a time for the parties to meet and confer.  *See, e.g., 7/25/19 Correspondence from R. McBriar to J. Etheridge; 10/15/19 Correspondence from D. Anderson to J. Etheridge; 10/22/19 Correspondence from D. Anderson to J. Etheridge; 11/4/19 Correspondence from S. Mayergoyz to R. Loveless.*  As explained below, your letter fails to address any of deficiencies detailed in Google's prior correspondence.  Instead, Uniloc raises a slew of arguments that are contrary to settled law, the local patent rules, and Uniloc's own statements throughout this litigation.

<u>First</u>, your letter confirms that Uniloc's infringement contentions are deficient, asserting that Uniloc "is not required to explain its infringement theories in its infringement contentions." *12/23/19 Uniloc Correspondence* at 2.  The law is exactly the opposite: a detailed explanation of Uniloc's infringement theories is a precondition for complying with Local Patent Rule 3-1.  As this District has long held, plaintiffs "***must explain with great detail*** their theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).  "Compliance with Patent Rule 3–1 therefore ***demands PICs that set forth particular theories of infringement*** with sufficient specificity." *Rapid Completions LLC v. Baker Hughes Inc.*, 2016 WL 3407688, at *1 (E.D. Tex. June 21, 2016).  Uniloc's citation to *Juxtacomm-Texas Software, LLC v. Axwat, Inc.* does not relieve Uniloc from providing detailed infringement theories.  In *Juxtacomm*, "the Court did not excuse plaintiffs from the requirement to 'set forth particular

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jim Etheridge
January 28, 2020
Page 2

theories of infringement' by identifying where it alleges particular limitations are met by the accused instrumentalities." *Id.* at \*2.

Second, your letter attempts to continue delaying any remedy of the deficient infringement contentions until "interrogatory answers and/or expert reports." *12/23/19 Uniloc Correspondence at 2.* However, during the parties' meet-and-confer on January 3, 2020, Uniloc repeatedly stated that it will not provide any substantive response to Google's Interrogatory No. 5. *See 1/3/20 Correspondence from D. Anderson to J. Etheridge.* Google's Interrogatory No. 5 seeks, among other things, "the complete factual and legal bases for your contentions of infringement, including by identifying all documents that contain information regarding your infringement contentions."

Third, your letter asserts that it "is common practice to provide notice as to examples that apply not only to limitations of an independent claim, but would also extend to additional limitations in dependent claims." *12/23/19 Uniloc Correspondence* at 2. That, however, ignores the fact that Uniloc's infringement contentions for claims 10, 11, and 13 merely parrot the asserted claim language and cross-reference limitations in unrelated claim 1 that recite ***different*** claim language. Further, as Google's correspondence has repeatedly explained, "simply mimicking the language of the claims when identifying infringement fail[s] to comply with Patent Rule 3-1." *Connectel*, 391 F. Supp. 2d. at 528. Likewise, Uniloc's cut-and-paste of excerpts from Google documents without any substantive explanation of how or why such excerpts demonstrate that any limitation is present in the accused Pixel 2, 2XL, 3, and 3XL products is facially deficient. *See, e.g., Rapid Completions*, 2016 WL 3407688, at \*4 (explaining that incorporating screenshots in lieu of some explanation is insufficient because it requiring defendant to guess how plaintiff claims the accused products allegedly infringe).

Fourth, your letter asserts that Uniloc need not provide corresponding structure for the means-plus-function limitations in asserted claims 1, and 3-5, nor identify how the accused Pixel 2, 2XL, 3, and 3XL products include the same or equivalent structure. *12/23/19 Uniloc Correspondence* at 3. In doing so, your letter cites to *In re Katz* for the proposition that "it is not necessary to disclose more structure when functions of 'processing,' 'receiving,' and 'storing' are coextensive with structure disclosed, i.e., a general-purpose computer." That position is meritless for several reasons. *In re Katz* applies only in narrow circumstances—not present in this case—where "the recited function can be achieved by any general purpose computer without special programming." *Mobile Telecommunications Techs., LLC v. Amazon.com, Inc*., No. 2:13-CV-883-JRG-RSP, 2014 WL 5766050, at \*15 (E.D. Tex. Nov. 5, 2014). Here, "[t]he *Katz* exception to the algorithm requirement does not apply because" the recited functions in claims 1, and 3-5 are "not analogous to functions such as 'processing,' 'receiving,' or 'storing' that can be performed by any general-purpose computer." *Id.* at \*17. Indeed, Uniloc cannot maintain that

JONES DAY

Jim Etheridge
January 28, 2020
Page 3

the recited functions for the means-plus-function limitations in this case fall within the narrow exception in *In re Katz* given that Uniloc never raised this argument in the claim-construction briefing and conceded that a microprocessor alone is insufficient structure for claims 1, 3-5.

Fifth, your letter states that Uniloc "offered statements in its Infringement Contentions concerning doctrine of equivalence simply as a good faith effort to proffer all the theories of infringement it believes in can assert." *12/23/19 Uniloc Correspondence* at 3. Yet the very cases cited in your letter refute that position. For example, the Court in *Eolas Technologies Inc. v. Amazon.com, Inc.*, made clear that "[p]laintiff's blanket statement that elements not literally infringed are infringed under the doctrine of equivalents … does not meet the requirement of [ ] rule [3-1(d)]." 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016). Simply put, "boilerplate language also does not reserve any special right for Plaintiff to assert DOE contentions at a time of its choosing." *Id.*

Sixth, your statements concerning "reasonably similar products" are contrary to established precedent. The law is clear that plaintiff "cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity." *Tivo Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016). So too in this case.

Seventh, your letter makes unsubstantiated, generalized assertions that Google has not produced requisite technical documents. Uniloc fails to identify with any particularity what documents it still requires or why it requires them to cure the deficiencies in its contentions. Moreover, months ago, Google provided Uniloc with a complete copy of the open source code, produced technical documents, and made additional source code available for inspection. To date, Uniloc has made no effort to inspect the code, and Google has produced over 21,000 pages of documents.

Finally, during the parties' January 3, 2020 meet-and-confer, Google raised the issued discussed above, and Uniloc stated that it will not address the deficiencies in its infringement contentions. The parties have thus reached an impasse on these issues. *See 1/3/20 Correspondence from D. Anderson to J. Etheridge.* As a result, Google will take all necessary actions, including seeking relief from the Court and/or precluding Uniloc from relying on any positions that are not set forth its infringement contentions.

JONES DAY

Jim Etheridge
January 28, 2020
Page 4

Very truly yours,

*/s/ David E. Anderson*

David E. Anderson

cc:    Counsel of Record