**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § | |
| Plaintiff | § § § § § § | Civil Action Nos.   2:18-cv-491-JRG-RSP
2:18-cv-492-JRG-RSP
2:18-cv-493-JRG-RSP
2:18-cv-496-JRG-RSP
2:18-cv-497-JRG-RSP
2:18-cv-499-JRG-RSP |
| v. | § § | 2:18-cv-503-JRG-RSP
2:18-cv-504-JRG-RSP |
| GOOGLE LLC, | § § | |
| Defendant. | § § § § § | JURY TRIAL DEMANDED

**FILED UNDER SEAL PURSUANT TO
PROTECTIVE ORDER** |

**DEFENDANT GOOGLE LLC'S MOTION TO COMPEL DISCOVERY RESPONSES
REGARDING LICENSING AND INFRINGEMENT CONTENTIONS**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**I.   INTRODUCTION**

Defendant Google LLC ("Google") moves to compel Plaintiff Uniloc 2017 LLC ("Uniloc") to respond to Google's Interrogatory Nos. 18, 19, 20, and 22 from Google's Second Set of Interrogatories.[1] These straightforward interrogatories relate to agreements regarding Uniloc's patent portfolio (Interrogatory No. 18), the grounds for Uniloc's indirect infringement allegations (Interrogatory No. 19), the bases for Uniloc's Causes of Action (Interrogatory No. 20), and Uniloc's identification of allegedly infringing source code (Interrogatory No. 22). Google previously filed a motion to compel a response to its Interrogatory No. 4, which seeks information related to licensing and settlement agreements and offers for licenses. *See, e.g.*, 491 case, Dkt. 205; 492 case, Dkt. 211; 493 case, Dkt. 198; 496 case, Dkt. 201; 497 case, Dkt. 217, 499 case, Dkt. 186; 503 case, Dkt. 193; 504 case, Dkt. 197 (collectively "Prior Motion on Licensing"). Google also filed a motion to compel a response to its Interrogatory No. 12, which seeks the bases underlying Uniloc's infringement theories. *See, e.g.*, 491 case, Dkt. 197; 492 case, Dkt. 204; 493, Dkt. 180; 497 case, Dkt. 207 (collectively "Prior Motion on Infringement Contentions"). Google's Interrogatory No. 18 overlaps with Interrogatory No. 4, and Interrogatory Nos. 19, 20, and 22 overlap with Interrogatory No. 12.[2] Therefore, to minimize the

---

[1] Google uses the interrogatory numbers from the 491, 492, and 497 cases to simplify this motion.

[2] Substantively similar interrogatories to Interrogatory No. 18 were served in the 493 case (Interrogatory No. 16), the 496 case (Interrogatory No. 15), the 499 case (Interrogatory No. 20), the 503 case (Interrogatory No. 15), and the 504 case (Interrogatory No. 14). Substantively similar interrogatories to Interrogatory No. 22 were served in the 493 and 499 cases as Interrogatory No. 18.
    For clarity, in the 492 and 497 cases, Google is moving to compel responses to all of the identified interrogatories. For the 491 case, Google is moving to compel a response to all identified interrogatories other than Interrogatory No. 22. For the 496, 499, 503, and 504 cases, Google is only moving to compel interrogatory responses with respect to the substance of the case-specific equivalent to Interrogatory No. 18. For the 493 case, Google is moving to compel responses with respect to the substance of the case-specific equivalents of Interrogatory Nos. 18 and 22.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

burden on the Court and avoid repetitive briefing, Google hereby incorporates its arguments from its prior motions and respectfully requests that the Court consider the instant motion together with Google's prior motions in resolving this dispute.

## II.     FACTUAL BACKGROUND

### A.     Google's Interrogatory Regarding Licensing and Settlement Agreements.

Google's Interrogatory No. 18 from its Second Set of Interrogatories relates to agreements regarding Uniloc's and its predecessors' patent portfolio. The substantive portions of the interrogatory and Uniloc's response are below:

> **INTERROGATORY NO. 18**
> Identify each agreement between Plaintiff, its Predecessors-in-Interest, or any other Person, to any Third Party that includes a license to Plaintiff's patent portfolio. . . .
>
> **RESPONSE:**
> [redacted]

### B.     Google's Interrogatories Regarding the Bases for Uniloc's Non-infringement Positions.

Google's Interrogatory Nos. 19, 20, and 22 relate to Uniloc's bases for its non-infringement theories. The substantive portions of the interrogatories and Uniloc's responses are reproduced below:

> **INTERROGATORY NO. 19:**
> Describe Your complete basis for Your contentions that Google indirectly infringes any of the Asserted Claims of the Asserted Patent, including by contributory infringement and/or induced infringement. . . .

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE:**



\* \* \*

**INTERROGATORY NO. 20:**
Describe in detail the complete bases for the Causes of Action You have pleaded, including an identification of all Documents upon which You intend to rely.

**RESPONSE:**



\* \* \*

**INTERROGATORY NO. 22:**
Separately for each component of the Accused Product that You contend infringes the Asserted Claims, identify the source code file name, module, and exact line(s) of code for such component (or that when compiled, synthesized, or implemented and executed) You contend meets each limitation of each Asserted Claim in the atent [sic] . . .

**RESPONSE:**



**C.   The Meet and Confer and Impasse.**

On March 31, 2020, counsel for Uniloc and Google met and conferred. Uniloc agreed to supplement its response to Interrogatory No. 18 accompanied by a production of related documents. The Court ordered the parties to file all discovery related motions by April 1, 2020. Given that Uniloc's responses to these interrogatories are currently deficient, Google is filing the instant motion but acknowledges that its requests may be mooted if Uniloc sufficiently supplements its responses to these interrogatories as agreed. Counsel for Uniloc also noted that

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Google's request for supplemental responses to Interrogatory Nos. 19 and 20 would rise and fall with its Prior Motion on Infringement Contentions. Uniloc would not agree to supplement its responses to these interrogatories and the parties reached an impasse. With respect to Interrogatory No. 22, Uniloc would not commit to supplementing its response—even for the open source and publicly available source code used by Google, and the parties reached an impasse. *See* Jones Decl. ¶ 2.

### III. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. An interrogatory must "be answered separately and fully," Fed. R. Civ. P. 33(b)(3). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." S*SL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

### IV. ARGUMENT

#### A. Uniloc Provides No Substantive Response to Interrogatory No. 18 Regarding Portfolio Licenses

Google's Interrogatory No. 18 seeks discovery fundamental to Uniloc's damages claim and Google's damages defenses, including license defenses. This interrogatory specifically asks for agreements including licenses to Uniloc's patent portfolio, and details such as the royalty rate, royalty base, terms of the license, terms or basis on which the rate was calculated, date of the license, and related Bates numbers. Google previously filed a motion to compel a response to

4

related Interrogatory No. 4, which requests information regarding offers to license and licensing and sale of the Asserted Patent or Related Patents. *See* Prior Motion on Licensing. That motion has been fully briefed, and argument is set for April 21, 2020.

Interrogatory No. 18 seeks discovery related to any relevant agreements related to Uniloc's patent portfolio and not agreements limited to only the Asserted Patents. Similar to Uniloc's response to Interrogatory No. 4, Uniloc's response to Interrogatory No. 18 refers to only two licenses and is deficient.

In particular, any responses to Interrogatory Nos. 4 and 18 should include at least Uniloc's existing or forthcoming agreements with ███████████████. Uniloc previously asserted U.S. Patent No. 6,836,654 (asserted here in the 493 case) in *Uniloc 2017, LLC et al. v. Huawei Technologies, Co., Ltd., et al.*, No. 2:18-cv-00509 (E.D. Tex.). That case was dismissed with prejudice based on the parties' stipulated "agree[ment] to settle the . . . matter, and [the parties] therefore stipulate, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) to dismiss with prejudice all claims and counterclaims between the parties." *Id.* at Dkt. 31. Similarly, Uniloc recently informed the Court that it is in the process of settling its infringement claims in *Uniloc 2017 LLC v. Verizon Commc'ns Inc.*, No. 2:18-cv-00536 (E.D. Tex.), and on March 24, 2020, obtained a 30-day stay of proceedings on that basis. *Id.* at Dkt. 55. Indeed, Uniloc has filed and later dismissed dozens of cases in this Court and others around the country, many of which likely involve settlement or licensing documents or information relevant to this case, including licenses that cover Uniloc's entire patent portfolio. Google has identified for Uniloc numerous cases as likely involving relevant documents or information. *See* Jones Decl. ¶ 4.

This Court should compel Uniloc's response to Interrogatory No. 18 for the reasons set forth in Google's prior motion addressing Interrogatory No. 4. Accordingly, Google requests that

the Court consider the instant motion together with Google's Prior Motion on Licensing in resolving this dispute. As with Interrogatory No. 4, the information requested by Interrogatory No. 18 is squarely within the scope of permissible discovery and should be provided. In an attempt to minimize the burden on the Court and the parties, Google incorporates those arguments herein and respectfully requests that the Court's forthcoming order on Google's Prior Motion on Licensing apply with equal force to Interrogatory No. 18.

### B. Uniloc Provides No Substantive Responses to Interrogatory Nos. 19, 20, and 22 Regarding Uniloc's Infringement Contentions

These three straightforward interrogatories seek fundamental, discoverable information related to the factual bases for Uniloc's infringement claims. These requests seek the grounds for Uniloc's indirect infringement allegations (Interrogatory No. 19); the bases for Uniloc's Causes of Action (Interrogatory No. 20); and Uniloc's identification of Google's allegedly infringing source code (Interrogatory No. 22).[3] Google previously moved to compel Uniloc to respond to related Interrogatory No. 12, which seeks the bases for Uniloc's infringement theories. *See* Prior Motion on Infringement Contentions. That motion has been fully briefed.

Interrogatory Nos. 19, 20, and 22 overlap with Interrogatory No. 12 and the Court should compel Uniloc's response to Interrogatory Nos. 19, 20, and 22 for the same reasons Google set forth in its Prior Motion on Infringement Contentions.

In addition, with respect to Interrogatory No. 22 seeking an identification of the source code Uniloc alleges infringes in the 492, 493 and 497 cases, much, if not all, of the code related to the accused functionality is open source and therefore, publicly available. Uniloc has had access to this code since before it filed suit, could have analyzed this code at any time during the life of these cases, and still has the capability of accessing and studying it today. There simply is

---

[3] Interrogatory Nos. 19 and 20 were not served in the 493, 496, 499, 503, and 504 cases.

no reason to delay Uniloc's response to this interrogatory based on the open source code any further.

Google requests that the Court consider the instant motion together with Google's prior motion in resolving this dispute. For the same reasons stated in Google's prior motion, the information requested here is within the scope of permissible discovery and should be provided. In an attempt to minimize the burden on the Court and the parties, Google incorporates those arguments herein and respectfully requests that the Court's forthcoming order on Google's Prior Motion on Infringement Contentions apply with equal force to Interrogatory Nos. 19, 20, and 22.

## V. CONCLUSION

Google respectfully asks this Court to compel Uniloc to provide full and complete responses to Google's Interrogatory Nos. 18, 19, 20, and 22.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: April 1, 2020

Respectfully submitted by:

*/s/ Tharan G. Lanier, with permission by Patrick C. Clutter*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8879
slaud@jonesday.com

John D. Kinton (Calif. State Bar No. 203250)
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-499**

*/s/ Robert Unikel, with permission by
Patrick C. Clutter*
Robert Unikel
Direct: 312-499-6030
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-491**
**2:18-cv-492**
**2:18-cv-497**


*/s/ Tharan G. Lanier, with permission by Patrick C. Clutter*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter

10

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

        State Bar No. 24036374
        patrickclutter@potterminton.com
        POTTER MINTON, P.C.
        110 N. College Ave., Suite 500
        Tyler, Texas 75702
        Tel: (903) 597-8311
        Fax: (903) 593-0846

        **Attorneys for Defendants Google LLC
        <u>2:18-cv-493</u>**


        */s/ Michael E. Berta, with permission*
        *by Patrick C. Clutter*
        Michael A. Berta
        (California Bar No. 194650)
        Michael.berta@arnoldporter.com
        Arnold & Porter
        10th Floor
        Three Embarcadero Center
        San Francisco, CA 94111-4024
        Tel: 415-471-3100
        Fax: 415-471-3400

        David Caine (California Bar No. 218074)
        David.Caine@arnoldporter.com
        Telephone: (650) 319-4710
        Bonnie Phan (California Bar No. 305574)
        Bonnie.Phan@arnoldporter.com
        Telephone: (650) 319-4543
        Michael Nguyen
        michael.nguyen@arnoldporter.com
        Tel: (650) 319-4718
        ARNOLD & PORTER KAYE SCHOLER LLP
        3000 El Camino Real
        Five Palo Alto Square, Suite 500
        Palo Alto, CA 94306-3807

        Nicholas Lee (California Bar No. 259588)
        Nicholas.Lee@arnoldporter.com
        ARNOLD & PORTER KAYE SCHOLER LLP
        777 South Figueroa Street
        44th Floor
        Los Angeles, CA 90017-5844
        Telephone: (213) 243-4156

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496**
**2:18-cv-503**
**2:18-cv-504**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h). The personal conference required by Local Rule CV-7(h) was conducted on March 30–31, 2020 via telephonic conference. This motion is opposed.

 */s/ Patrick C. Clutter*
Patrick C. Clutter

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 1, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

 */s/ Patrick C. Clutter*
Patrick C. Clutter

### CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

 */s/ Patrick C. Clutter*
Patrick C. Clutter