FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No: 2:18-cv-00493-JRG-RSP<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S MOTION FOR ATTORNEYS' FEES AND EXPERT FEES PURSUANT TO 35 U.S.C. SECTION 285**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 4

    A. Legal Standard For Attorneys' Fees ....................................................................... 4

    B. Google Is The Prevailing Party Given The Court's Dismissal With Prejudice ................................................................................................................. 4

    C. Uniloc's Litigation Positions Were Rendered Meritless By The *Markman* Order ....................................................................................................................... 5

    D. Uniloc Litigated This Case In An Unreasonable Manner After The *Markman* Order ...................................................................................................... 7

    E. Google's Fee Request Is Reasonable .................................................................... 10

IV. CONCLUSION .................................................................................................................. 11

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*AdjustaCam, LLC v. Newegg, Inc.*,
 861 F.3d 1353 (Fed. Cir. 2017)......................................................................................7

*B.E. Tech. L.L.C. v. Facebook, Inc.*,
 940 F.3d 675 (Fed. Cir. 2019).........................................................................................5

*Brazos Licensing and Development v. Google LLC*,
 Case Nos. 20-cv-00571-585 (W.D. Tex.)......................................................................10

*CRST Van Expedited, Inc. v. E.E.O.C.*,
 136 S. Ct. 1642 (2016)....................................................................................................5

*Electronic Communication Techs., LLC v. Shopperschoice.com, LLC*,
 2020 WL 3551988 (Fed. Cir. July 1, 2020)....................................................................9

*Fogerty v. Fantasy, Inc.*,
 510 U.S. 517 (1994).......................................................................................................10

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
 876 F.3d 1372 (Fed. Cir. 2017).......................................................................................6

*Iris Connex, LLC v. Dell, Inc.*,
 235 F. Supp. 3d 826 (E.D. Tex. 2017)....................................................................1, 2, 3

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
 811 F.3d 479 (Fed. Cir. 2016).........................................................................................7

*My Health, Inc. v. ALR Techs., Inc.*,
 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017)................................................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
 572 U.S. 545 (2014).....................................................................................................4, 6

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
 421 F. Supp. 3d 410 (E.D. Tex. 2019)............................................................................8

*Raniere v. Microsoft Corp.*,
 887 F.3d 1298 (Fed. Cir. 2018)...................................................................................4, 5

*Sorkin v. Universal Bldg. Prods. Inc.*,
   2010 WL 5197742 (E.D. Tex. Feb. 9, 2010) ............................................................................5

*Sycamore IP Holdings LLC v. AT&T Corp.*,
   2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ..........................................................................8

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
   549 F.3d 1381 (Fed. Cir. 2008) ................................................................................................4

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013) ............................................................................................1, 7

*Thermolife Int'l LLC v. GNC Corp.*,
   922 F.3d 1347 (Fed. Cir. 2019) ............................................................................................7, 9

*WPEM, LLC v. SOTI Inc.*,
   2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ...........................................................................5, 9

*Xiaohua Huang v. Huawei Techs. Co.*,
   2017 WL 1133201 (E.D. Tex. Mar. 27, 2017) (Payne, J.) .......................................................4

**STATUTES**

35 U.S.C. § 285 ............................................................................................................................1, 4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**I. INTRODUCTION**

From the outset, Uniloc's infringement case hinged on asserting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This critical issue was decisively resolved against Uniloc by the Court's *Markman* Order, to which Uniloc never objected. In the *Markman* Order, the Court made clear that Uniloc's theory that a mobile phone could have multiple "linked user identification modules" was "at odds with," and unsupported by, the specification. (Dtk. 165 at 12.) From that point onward, Uniloc had no basis for continuing this litigation, as Google's correspondence with Uniloc explained in detail. (Ex. 1.)

Uniloc effectively admitted that the claim construction ended this case by: (i) trying to pivot to a new infringement theory on the last day of discovery; then (ii) seeking to stay the case in preference of other litigations; then (iii) identifying this case as the last to be tried; and finally, when all else failed, (iv) capitulating by dismissing this action. Rather than promptly and appropriately "[re]assess[ing] the soundness of pending infringement claims," *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013), Uniloc persisted with this action for another five months after the *Markman* Order, subjecting Google to increasing expenditures on discovery responses, invalidity reports, extensive motion practice, and lengthy oral hearings.

This motion could have been avoided if Uniloc had heeded Google's request to dismiss. (Ex. 1.) The fact that Uniloc eventually conceded to dismissal does nothing to cure its continued pursuit of an objectively meritless case in an unreasonable manner for far too long. Awarding attorneys' fees in these circumstances fully aligns with the purpose of Section 285: "provid[ing] a check and balance meant to deter exceptional cases by imposing a direct and significant financial risk." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 845 (E.D. Tex. 2017). Awarding fees is also appropriate under Section 1927, as addressed in Google's concurrent motion filed in this and the -497 and -503 cases.

## II.     STATEMENT OF FACTS

Uniloc filed this action on November 17, 2018, and served its infringement contentions on May 6, 2019.  Those contentions were crystal clear that Uniloc's infringement theory relied on mapping ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

On January 10, 2020, Judge Payne issued preliminary claim constructions in advance of the *Markman* hearing.  (Dkt. 165 at 9.)  Judge Payne construed the term "linked user identification module" to mean "a user identification module that is the only one that permits normal operation of the device."  (*Id.*)  Judge Payne also determined that the term "locking means" in claim 4 was indefinite for lack of corresponding structure.  (*Id.* at 32.)  On January 20, 2020, Judge Payne issued a *Markman* Order formally adopting the preliminary constructions issued before the hearing.  (*Id.* at 13, 34.)  After the *Markman* Order, Uniloc did not lodge any objections to Judge Payne's claim constructions pursuant to Federal Rule of Civil Procedure 72.  And at no point did Uniloc amend, or seek leave to amend, its infringement contentions pursuant to Local Patent Rule 3.6.

Based on the Court's constructions, it was readily apparent that claim 4 was invalid and the remaining claims were not infringed.  To that end, Google repeatedly asked Uniloc to stipulate to judgment of invalidity of claim 4.  (Exs. 2-3.)  Uniloc, however, steadfastly ignored those requests, forcing Google to move for summary judgment on claim 4.  (Dkt. 195.)  The Court granted summary judgment, noting that Uniloc "did not respond to [Google's] Motion." (Dkt. 232.)

Despite the fact that the Court's construction of "linked user identification module" gutted Uniloc's infringement theory on every claim (not just the invalid claim 4), Uniloc refused to dismiss this action.  Instead, shortly after the *Markman* Order, Uniloc ramped up the

proceedings by filing, or forcing Google to file, nearly a dozen discovery motions.  (Dkts. 169, 201; Dkts. 167, 175; Dkts. 170, 179, 204; Dkts. 172, 186, 191, 194; Dkts. 193, 206; Dkts. 205, 208; Dkts. 219, 236; Dkts. 220, 239; Dkt. 233; Dkt. 234.)  None of these motions were necessary, and Uniloc's tactics required Google to draft detailed response briefs and conduct extensive oral argument.  (Dkts. 249, 253, 254, 267, 276.)

In an effort to mitigate the burdens imposed by Uniloc's unreasonable pursuit of this case, Google wrote Uniloc and explained that "[u]nder the Court's construction of the term 'linked user identification module,' Uniloc has no basis to continue with this litigation.  In fact, Uniloc's infringement contentions demonstrate that Google's accused … devices cannot meet the 'linked user identification module' limitation as construed by the Court."  (Ex. 1.)  Google's letter demonstrated that Uniloc's own contentions establish non-infringement, and "request[ed] that Uniloc dismiss this action with prejudice in view of the Court's construction."  (*Id.*)  Uniloc never disputed Google's reasoning and failed to respond until the last business day of fact discovery.  Even then, instead of rebutting Google's showing, Uniloc tried to switch gears to pursue a brand new theory—that ███████████████████████████████████
███████████████████████████



Uniloc proceeded to file yet another motion to compel seeking discovery on ███████████
███████. (Dkt. 220.)  In that motion, Uniloc readily conceded that ███████████████████ Uniloc's motion precipitated another discovery dispute that Google was forced to brief and argue at another hearing. (Dkt. 239; Dkt. 276.)

3

### III. ARGUMENT

#### A. Legal Standard For Attorneys' Fees

The Patent Act provides that the "court in *exceptional cases* may award reasonable attorney fees to the *prevailing party*." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case may be exceptional either (i) "with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case)," or (ii) "the unreasonable manner in which the case was litigated." *Id.* Courts determine whether a case is exceptional by "exercise of their discretion" in view of the "totality of the circumstances." *Id.*

In addition to the statutory bases, this Court may also use its inherent power to sanction a party for litigation misconduct. *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). Although expert witness fees generally are not awardable under Section 285, a court may "impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Id.* (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50 (1991); *Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988)). "The use of this inherent power is reserved for cases with a finding of fraud or abuse of the judicial process." *Takeda*, 549 F.3d at 1391. "Such a finding may result from a litigant's 'bad faith and vexatious litigation conduct.'" *Xiaohua Huang v. Huawei Techs. Co.*, 2017 WL 1133201, at *3 (E.D. Tex. Mar. 27, 2017) (Payne, J.).

#### B. Google Is The Prevailing Party Given The Court's Dismissal With Prejudice

A party "need not prevail on the merits to be classified as a 'prevailing party.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018). Rather, the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.

4

This change must be marked by judicial imprimatur." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). A defendant is the prevailing party when "the district court's decision 'effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *B.E. Tech. L.L.C. v. Facebook, Inc.,* 940 F.3d 675, 678-79 (Fed. Cir. 2019) (holding that defendant was the prevailing party when action dismissed as moot).

Here, there can be no real dispute that Google is the prevailing party. *See, e.g., WPEM, LLC v. SOTI Inc.,* 2020 WL 555545, at *4 (E.D. Tex. Feb. 4, 2020) (explaining that dismissal with prejudice constitutes a judgment on the merits for purposes of determining a prevailing party). After nearly twenty months of litigation, the Court dismissed this case with prejudice. The Court did so after Google prevailed on: (i) a key claim construction issue that dispatched Uniloc's infringement case, and (ii) summary judgment of invalidity of claim 4. As a result, Google expended "significant time and resources," "prevented [Uniloc] from achieving a material alteration of the relationship between them" with a "decision marked by judicial imprimatur," and "received all relief to which [Google] was entitled." *Raniere*, 887 F.3d 1298, 1306-07. That Uniloc eventually sought dismissal, and belatedly conceded the dismissal should be with prejudice, does not change that Google is the prevailing party in this case.

### C. Uniloc's Litigation Positions Were Rendered Meritless By The *Markman* Order

Even under the more rigid pre-*Octane* standard, this District has not hesitated to award attorneys' fees when, as here, a plaintiff's "infringement claims became, at a minimum, objectively baseless and pursued in bad faith after the court's … claim construction order." *Sorkin v. Universal Bldg. Prods. Inc.*, 2010 WL 5197742, *1-4 (E.D. Tex. Feb. 9, 2010). Whatever questionable merit Uniloc's claims may have had at the outset of litigation, it is an

inescapable fact that Uniloc's case became untenable and crossed the threshold of exceptionality after the *Markman* Order.

To start, the Court's claim construction rendered claim 4 indefinite. Although Uniloc never objected to the Court's construction, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Yet, "there [wa]s no uncertainty or difficulty" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379 (Fed. Cir. 2017) (affirming fees award when plaintiff continued to assert a claim that was clearly patent ineligible). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, "objective[ly] unreasonable[.]" *Octane*, 572 U.S. at 554 n.6.

The same holds true for Uniloc's infringement allegations. The Court's construction of the "linked user identification module" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ After the Court's *Markman* Order, Google warned Uniloc that it "had no basis to continue with this litigation." (Ex. 1.) Google explained in detail why that was so:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(*Id.*) Google thus "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (*Id.*)

Uniloc's subsequent actions substantiate the points made in Google's letter. ▮

▮

▮

▮

▮. (Dkt. 280.) In such instances, the Court has discretion to find a case exceptional when the "allegations of infringement were ill-supported" even though non-infringement was not ultimately adjudicated. *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 481–83 (Fed. Cir. 2016). Under Federal Circuit precedent, a case is exceptional and fees are appropriate when a plaintiff's "suit became baseless after the district court's *Markman* Order," yet the plaintiff nonetheless prolonged the action. *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017) (directing district court to award attorneys' fees).

Moreover, the Federal Circuit "stresse[s] that one consideration that can and often should be important to an exceptional-case determination is whether the party seeking fees provided early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (affirming award of attorneys' fees). Google's correspondence did exactly that, affirmatively explaining the substantive weakness of Uniloc's case. (Exs. 1-3.)

### D. Uniloc Litigated This Case In An Unreasonable Manner After The *Markman* Order

The law is well settled that "a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims." *Taurus*, 726 F.3d at 1328. In this case, after the *Markman* Order established that Uniloc has no reasonable basis to maintain this litigation, Uniloc was obligated to "reassess its case in view of new controlling law." *My*

*Health, Inc. v. ALR Techs., Inc.*, 2017 WL 6512221, at *4 (E.D. Tex. Dec. 19, 2017) (awarding fees). Despite Google's repeated correspondence asking Uniloc to streamline and ultimately dismiss this action, Uniloc ███████████████████████████████████████ ███████████████████████████.

Uniloc unreasonably prolonged litigation regarding invalid claim 4. After the Court held that claim 4 is indefinite, ███████████████████████████████████████ ██████ ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████. Indeed, the Court noted that Uniloc "did not respond to [Google's] Motion." (Dkt. 232.) Such "[d]elay in withdrawing claims … can support a finding that a case is exceptional." *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 421 F. Supp. 3d 410, 415 (E.D. Tex. 2019) (awarding attorneys' fees).

Uniloc applied equally unreasonable litigation tactics in contesting the other asserted claims. After the *Markman* Order rendered Uniloc's infringement theory meritless, Uniloc neither objected to the constructions nor sought to amend its contentions as spelled out in the Local Patent Rules. ███████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████ As Judge Bryson has explained, this "Court declines [plaintiffs'] request[s] that it condone that sort of casual, self-help approach to compliance with the clear rules of the court governing pretrial disclosure." *Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL

4517953, at *3 (E.D. Tex. Oct. 10, 2017). And when "the patentee prolongs litigation in bad faith, an exceptional finding may be warranted." *WPEM*, 2020 WL 555545, at *3.

That principle applies with full force to the present facts. ▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Awarding attorneys' fees serves as a deterrent against such conduct, and deterrence is all the more warranted because Uniloc is still maintaining numerous actions against Google.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Google's Motion For Fees and Costs Under Section 1927 (filed concurrently with this motion). ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Such a pattern of "repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of the claim is relevant to a district court's exceptional case determination." *Thermolife*, 922 F.3d at 1363.

Recently addressing this consideration, the Federal Circuit reversed a denial of attorneys' fees and encouraged district courts to take judicial notice of the fact that "another litigious entity" that is "helmed by many of the same individuals that control [the plaintiff]" had filed multiple suits in hopes of generating settlements. *Electronic Communication Techs., LLC v. Shopperschoice.com, LLC*, 2020 WL 3551988, at *4 (Fed. Cir. July 1, 2020). The same is true

here. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *See WSOU Investments LLC dba Brazos Licensing and Development v. Google LLC*, Case Nos. 20-cv-00571-585 (W.D. Tex.). ■■■■■■■■■■■■■■■■■■■■■■■■■■■ This underscores the propriety of awarding attorneys' fees to "advance [the dual] considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

\*   \*   \*   \*

Regardless of whether each of Uniloc's actions would make this case exceptional when considered separately, viewed collectively within the totality of the circumstances this case stands out and is exceptional. Accordingly, the Court should award attorneys' fees incurred by Google after the *Markman* Order issued on January 20, 2020.

### E.    Google's Fee Request Is Reasonable

Google only seeks fees incurred after the Court issued the *Markman* Order on January 20, 2020. And Google only seeks fees related to work performed by Mike Jones from Potter Minton, and two partners (Greg Lanier and Sasha Mayergoyz) and two associates (David Anderson and Osman Mohamed) from Jones Day. Google is not seeking to recover fees for any work performed prior to January 20, 2020, and it does not seek to recover fees for work performed by other attorneys or staff. Google requests fees in the amount of ■■■■■■. Google also requests fees for work performed during that time by its liability expert. If the Court grants this motion, Google will submit an accounting describing the categories of services performed by each attorney, the amount of time spent by each attorney on each category, and amount billed by each attorney for each category of services, as well the amount and an accounting of the requested expert fees.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's request for attorneys' fees and expert fees.

| | |
|---|---|
| Dated: July 6, 2020 | Respectively submitted, |
| | */s/ Tharan Gregory Lanier, with permission by Michael E. Jones* |
| | Michael C. Hendershot<br>mhendershot@jonesday.com<br>Tharan Gregory Lanier<br>tglanier@jonesday.com<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Tel: (650) 739-3939 |
| | Sasha Mayergoyz<br>smayergoyz@jonesday.com<br>JONES DAY<br>77 W. Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 782-3939 |
| | Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>E. Glenn Thames, Jr.<br>State Bar No. 00785097<br>glennthames@potterminton.com<br>Patrick C. Clutter<br>State Bar No. 24036374<br>patrickclutter@potterminton.com<br>POTTER MINTON, P.C.<br>110 N. College Ave., Suite 500<br>Tyler, TX  75702<br>Tel: (903) 597-8311 |
| | **Attorneys for Defendant Google LLC** |

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conference required by Local Rule CV-7(h) was conducted on July 6, 2020 via telephonic conference with the following participants: Jim Etheridge, Ryan Loveless and Travis Richins on behalf of Uniloc 2017, LLC, and Michael Jones, Patrick Clutter, Robert Unikel, Gregory Lanier, Tracy Stitt, and Nicholas Lee on behalf of Google LLC.  Agreement could not be reached as to the items presented to the Court in this Motion because the parties disagree as to whether Google should be awarded fees and non-taxable costs.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.  This motion is opposed.

> */s/ Michael E. Jones*
> Michael E. Jones

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order.

> */s/ Michael E. Jones*
> Michael E. Jones

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 6, 2020.
I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on July 6, 2020.

> */s/ Michael E. Jones*
> Michael E. Jones