**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Case No. 2:18-cv-00493-JRG-RSP |
| | § |
| GOOGLE LLC, | § |
| | § |
| *Defendant*. | § |

## **MEMORANDUM ORDER**

Before the Court are two Motions, both filed by Defendant Google LLC: the Motion for Attorneys' Fees and Expert Fees Pursuant to 35 U.S.C. Section 285 and the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 (collectively, the "Motions"). Dkt. Nos. 287, 288.

### I.   BACKGROUND

Plaintiff Uniloc 2017 LLC filed this action against Google, as well as a dozen others asserting different patents, in late 2018. In this case, Uniloc alleged that Google's Pixel line of smartphones infringed various claims of U.S. Patent No. 6,836,654 ("the '654 Patent"). *See* Dkt. No. 1-1. The claims of the '654 patent recite device-blocking functionality for a period of time "subsequent to a mounting of a linked user identification module inside the mobile radiotelephony device." *E.g.*, *id*. at claim 1.

Uniloc served its infringement contentions in May 2019. Uniloc relevantly accused Subscriber Identity Modules ("SIMs") of meeting certain elements of the '654 Patent. There are different types of SIMs, including non-removable SIMS, such as eSIMs, and removable SIMs. Uniloc takes the position that its infringement contentions accuse both exemplary removable SIMs as well as non-removable SIMs. Dkt. No. 294 at 3 (citing Dkt. No. 294-3 at 12 (showing removable SIM card); *id.* at 24–25 (disclosing the "mounting of linked [i.e., non-removable] SIM card")).

The Court issued a claim construction order on January 20, 2020. Dkt. No. 165. The Court construed the term "linked user identification module" to mean "a user identification module that is the only one that permits normal operation of the device." *Id*. at 13. The Court also found the term "locking means for facilitating an activation of the block means by the timing means" in dependent claim 4 indefinite. *See id*. at 34. Uniloc did not object to the claim construction order. Google claims these constructions were dispositive and argues that Uniloc's continued litigation, despite Google's attempts to dismiss the case, rendered the case exceptional.

Uniloc contends that it stopped litigating claim 4 after the Court's claim construction issued, which is the typical practice, as the Court's ruling of indefiniteness was the law of the case. Dkt. No. 294-9 at ¶¶ 9–11. Google nevertheless sent Uniloc a letter on February 18, 2020, with several requests including a request for a stipulation dismissing claim 4. Dkt. No. 287-3. On February 27, 2020, Google sent an email as a follow-up to a meet-and-confer, where the parties discussed possibly staying various cases, including this one. Dkt. No. 287-4. Google attached its February 18 letter but did not explicitly mention its request for a stipulation. *See id*. On March 6, 2020, without any further correspondence on this issue, Google filed a short motion for summary judgment of indefiniteness of claim 4. Dkt. No. 195. Uniloc did not oppose the motion and the Court granted it. Dkt. No. 232.

Meanwhile, on March 10, 2020, Google sent a letter to Uniloc asserting that removable SIMs could not meet the "linked user identification module" limitation under the Court's construction. Dkt. No. 287-2. It thus asked Uniloc to "dismiss this action with prejudice in view of the Court's construction." *Id*. Google's letter did not discuss non-removable SIMs, however.

The parties had an active discovery period, which involved dozens of discovery motions. *See* Dkt. No. 287 at 3 (collecting citations). The cases were also grouped by the Court in

preparation for trial based on the parties' input.[1] However, Uniloc voluntarily sought dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a) on June 5, 2020. Dkt. No. 280. The Court granted Uniloc's Motion. Dkt. No. 285. Google filed the present Motions soon after on July 6, 2020.[2] After an extended briefing period, the Motions are ripe and the Court accordingly takes them up.

## II.  LEGAL STANDARD

### a.  35 U.S.C. § 285

A district court "may award reasonable attorney fees to the prevailing party" if the case is "exceptional." 35 U.S.C. § 285. A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

"[C]ourts contemplating an award of attorney's fees should consider the totality of the circumstances in the case." *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation) (citing *id*.). "The totality of the circumstances standard is not, however, an invitation to a 'kitchen sink' approach where the prevailing party questions each argument and action of the losing party in an effort to secure attorney's fees." *Id*. "[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith." *Id*. at *4 (citing *Octane*, 572 U.S. at 548).

---

[1] On May 15, 2020, the Court placed Uniloc's nine active cases against Google into three trial groups and scheduled one-week trials for each of the groups. Dkt. No. 267.
[2] Google filed similar motions in two other identically titled cases: Case Nos. 2:18-cv-497 and 2:18-cv-503.

Whether a case is exceptional is within the sound discretion of the district court. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). The Supreme Court and Federal Circuit have recognized that it is "the district court . . . that lives with the case over a prolonged period of time" and as such, "is better positioned to decide if the case is exceptional." *Id*. (internal quotation marks and citation omitted); *see also Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 953 (Fed. Cir. 2010) (expressing "reluctance to second-guess the judgment of trial judges who typically have intimate knowledge of the case").

    **b. 28 U.S.C. § 1927**

Counsel who "unreasonably and vexatiously" multiplies legal proceedings can be held liable for fees and costs. 28 U.S.C. § 1927. Unreasonable and vexatious behavior means "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted). "Conduct is unreasonable and vexatious if there is evidence of the persistent prosecution of a meritless claim and of a reckless disregard of the duty owed to the court." *Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019) (internal quotation marks and citations omitted). To "shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless." *Id*. at 637 n.13 (citations omitted).

**III. ANALYSIS**

Google argues that the Court's claim construction order "rendered [Uniloc's infringement allegations] entirely baseless" and Uniloc's continued litigation was so exceptional as to necessitate an award of fees and costs. Dkt. No. 288 at 3. Google also argues that Uniloc's counsel

had "unfettered control" over this case and should be held jointly and severally liable for the actions discussed in its 285 Motion. *Id*. at 1.

### a. Uniloc's Infringement Theory

The major dispute here is whether Uniloc's infringement case was confined to asserting that only *removable* SIM cards meet the "linked user identification module" limitation.

Google argues that it was so limited and that the Court's claim construction order "made clear that Uniloc's theory that a mobile phone could have multiple 'linked user identification modules' was 'at odds with,' and unsupported by, the specification." Dkt. No. 287 at 1 (citing Dkt. No. 165 at 12). From that point onward, Google contends, "Uniloc had no basis for continuing this litigation, as Google's correspondence with Uniloc explained in detail." *Id*. (citing Dkt. No. 287-2). It therefore seeks relevant fees incurred after the Court issued its claim construction order.

Uniloc counters that "even assuming removable SIMs cannot satisfy the Court's construction of 'linked user identification module' (a contention Uniloc disputes), Google does not dispute that the accused eSIMs do satisfy the Court's construction." Dkt. No. 294 at 7. Beyond that, Uniloc argues it disclosed to Google that its infringement case encompassed eSIMs. Dkt. No. 294-6 at 3; *see also* Dkt. No. 294-3 at 10, 24–25. It also argues that Google produced documents relating to the eSIMs in its phones, indicating that Google was aware that eSIMs were accused. Dkt. No. 294-2 at ¶ 7. It finally argues that this issue was bought to a head on April 16, 2020, when Google responded to Uniloc's motion to compel. Google argued that it should not have to produce discovery relating to eSIMs since they fall outside the scope of this case. *See* Dkt. No. 239 at 1–4. At a hearing on the motion, the Court declined to find that eSIMs fell outside Uniloc's infringement allegations thereby implicitly granting Uniloc's Motion. Dkt. No. 294-8 at 72:17-73:16. Uniloc also explains that "[t]o streamline the issues to be presented to the jury, Uniloc made the reasonable

decision to narrow the number of patents for each trial by dismissing one case from each trial group." Dkt. No. 294 at 6 (citing Dkt. No. 294-9 at ¶¶ 3–6).

Google contends that this case represents one of those "rare" situations where the substantive strength of the other side's litigating position was so exceptionally weak as to merit fees. *See Octane*, 572 U.S. at 554. But Uniloc has articulated why it believed it could succeed. Its theory is plausible in light of the claim construction order.[3] Google disputes the scope of Uniloc's infringement contentions. However, this is a flawed analysis. First, Uniloc argues that it believed it could succeed even if the scope was limited to removable SIMs. More importantly, this Court refused to limit the contentions this way. Dkt. No. 294-8 at 73:13–16 ("And if I felt that it was clearly beyond the scope of the contentions, I -- I would deny the motion. But I -- on this record, I just can't make that pronouncement."). Uniloc, thus, had a plausible path forward.

Google also argues that Uniloc asked to dismiss the case, which in Google's view indicates that Uniloc had a weak position. Uniloc responds that it dismissed the case in order to streamline the issues to be presented to the jury. Uniloc contends that it "took into consideration the judicial efficiencies that would be created for the private parties, the Court, and the jurors during trial," which is "conduct that is *encouraged* by the Court." Dkt. No. 294 at 6–7 (citing *VirnetX Inc. v. Cisco Sys.*, No. 6:10-CV-417, 2014 U.S. Dist. LEXIS 200766, at *20 (E.D. Tex. Mar. 28, 2014)). Google replies that this "*post-hoc* rationale for dismissing a case" is not a pertinent consideration. Dkt. No. 303 at 1. Defendant cannot have it both ways. The Court will either consider the dismissal and the purported reason behind it or not consider it at all. To do what Google suggests, and consider only half the story, would be error. Regardless, the Court notes that it does encourage

---

[3] The Court notes that Google did not file a motion for summary judgment, except for the short motion regarding claim 4 only. While not always needed to prove exceptionality, the failure to file such a motion undercut's Google's argument that it believed for months that "Uniloc had no basis for continuing this litigation" past the claim construction order. Dkt. No. 287 at 1.

parties to streamline the case in anticipation of trial in order to create efficiencies for the parties, the Court, and most importantly, the jurors.

### b. Claim 4

Google also takes issue with Uniloc's handling of claim 4. The Court found claim 4 was indefinite in its claim construction order. Dkt. No. 165 at 34. Uniloc contends it stopped litigating the claim, which is its typical practice. Dkt. No. 294-9 at ¶ 9. Google, however, argues that Uniloc should have stipulated to the dismissal of the claim. Uniloc's purported refusal to do so led Google to send a letter, send an email (with the letter attached), and file a three-page motion.

This does not approach the standard set for section 285. First, the claim construction order was sufficient—claim 4 is invalid. Uniloc's actions did not suggest otherwise. For instance, it did not file any opposition to Google's motion for summary judgment. Second, Google cannot reasonably claim that it was exceptionally burdened by the few additional pages it created.

At the end of the day, Google does not point to any Uniloc "arguments that were frivolous or made in bad faith." *Stragent*, 2014 WL 6756304, at *4 (citing *Octane*, 572 U.S. at 548). The key question is whether Uniloc's positions and conduct stood out from the norm. They did not in this case. Accordingly, taking all factors into account and in light of the Court's extensive experience with both parties, the Court finds that this is not an exceptional case under section 285. For similar reasons, Google has not shown that Uniloc's counsel "unreasonably and vexatiously" multiplied the proceedings in this case.

### IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Google's Motions. Dkt. Nos. 287, 288.

**SIGNED this 14th day of December, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE